THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT, v. PATRICK H. BURNS, RESPONDENT.

*Indictment for selling, and exposing for sale, impure milk — not objectionable on the ground of duplicity — the indictment must state the name of the purchaser or that it is unknown.*

An indictment is not defective on the ground of duplicity, which charges that the prisoner " *did sell*, and *expose for sale*, certain unclean, impure, unhealthy, adulterated and unwholesome milk." The offenses of exposing for sale and selling being charged conjointly in the indictment are to be regarded as constituting one transaction and one crime, under the statute relating thereto, and as subjecting the defendant to but one penalty.

*The Commonwealth* v. *Eaton* (15 Pick., 273) followed.

It is essential to the validity of such indictment that it should allege to whom the milk was sold by the prisoner, or if the purchaser thereof is unknown, such facts should be alleged in the indictment, as it is the right of the prisoner to be informed, not merely of the crime charged, but of the act which constituted the crime.

APPEAL by the People of the State of New York from a judgment sustaining a demurrer, interposed by the defendant to the indictment found against him by the grand jury of the county of Saratoga, charging that the said defendant " did sell, and expose for sale, certain unclean, impure, unhealthy, adulterated and unwholesome milk, not being skim-milk sold to bakers and housewives for

their own use or manufacture upon written orders for the same, nor skim-milk sold for use in the county in which it was produced."

The judgment sustaining the demurrer was entered in the office of the clerk of the county of Saratoga on the 11th day of July, 1888.

*T. F. Hamilton*, district attorney, for the appellant.

*I. C. Ormsby*, for the respondent.

INGALLS, J.:

The defendant was indicted under the statute of 1885, chapter 183, for selling and exposing for sale unclean, impure, unhealthy, adulterated and unwholesome milk. The indictment contains but one count, and is as follows:

| | |
|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK<br>*against*<br>PATRICK H. BURNS. | *May Term*, 1888. |

The grand jury of the county of Saratoga, by this indictment, accuse Patrick H. Burns of the crime of deception in the sale of dairy products, committed as follows:

The said Patrick H. Burns, on the twenty-third day of April, in the year of our Lord, one thousand eight hundred and eighty-eight, at the town of Waterford, in the county of Saratoga aforesaid, did sell and expose for sale certain unclean, impure, unhealthy, adulterated and unwholesome milk, not being skim-milk sold to bakers and housewives for their own use or manufacture upon written orders for the same, nor skim-milk sold for use in the county in which it was produced; the said milk so exposed for sale, and sold, then and there containing more than eighty-eight per centum of water or fluids, and less than twelve per centum of milk solids, and less than three per centum of milk fats, the said Patrick H. Burns then and there well knowing that said milk so exposed for sale, and sold by him as aforesaid, was then and there unclean, impure, unhealthy, adulterated and unwholesome; contrary to the statute in such case made and provided, and against the peace of the people of the State of New York and their dignity.

T. F. HAMILTON,<br>
*District Attorney of Saratoga County.*

The defendant demurred to the indictment, specifying the following grounds of demurrer:

The above-named defendant demurs to the indictment herein upon the following grounds: (1.) That the said indictment does not conform substantially to the requirements of sections 275 and 276 of the Code of Criminal Procedure. (2.) That more than one crime is charged in said indictment within the meaning of sections 278 and 279 of said Code. (3.) That the facts stated do not constitute a crime.

In addition to the above ground, the defendant specifies nine separate objections to the indictment in amplification of the above. The Court of Sessions sustained the demurrer and rendered judgment therein in favor of the defendant, and the people appeal to this court therefrom. The statute (chap. 183 of 1885), under which the indictment was found, provides: " Section 1. No person or persons shall sell or exchange, or expose for sale or exchange, any unclean, impure, unhealthy, adulterated or unwholesome milk, or shall offer for sale any article of food made from the same, or cream from the same," etc. The indictment, so far as it charges the offense substantially in the language of the statute, must, in that respect, be regarded sufficient. (*People* v. *West*, 106 N. Y., 293 ; *People* v. *Taylor*, 3 Denio, 92.) The cases referred to arose upon demurrer. (See, also, Wharton's Am. Crim. Law [6th ed.], § 364.) The main ground of objection to the indictment, insisted upon by the counsel for the defendant upon the argument in this court, was, that it is fatally defective, upon the ground of duplicity, in that it embraces in one count at least two separate offenses under the said statute. The Code of Criminal Procedure (§ 278) provides: " The indictment must charge but *one crime* and in one form, except as in the next section provided." Section 279 is as follows: " The crime may be charged in separate counts to have been committed by different means, and when the acts complained of may constitute *different crimes*, such crimes may be charged in separate counts." The crime created by this statute, and sought to be prevented, consists of the placing upon the market unclean, impure, unhealthy, adulterated, unwholesome milk. The statute defines the manner it may be violated, viz. : By the sale or exchange, or exposing for sale or exchange, by any person or persons of such milk, or the sale of any article of food made therefrom, or of cream from the same. The

indictment charges that the defendant Patrick H. Burns, on the 23d day of April, 1888, at the town of Waterford, in the county of Saratoga, *did sell and expose for sale*, certain unclean, impure, unhealthy, adulterated and unwholesome milk, etc. The indictment contains the further statement: "The said milk *so exposed for sale and sold then and there*, containing," etc. And the allegation: "The said Patrick H. Burns, *then and there*, well knowing that the said milk *so exposed for sale and sold by him*, as aforesaid, *was then and there* unclean, impure, unhealthy, adulterated and unwholesome, contrary to the statute," etc. We are convinced that a fair construction of the indictment leads to the conclusion that but *one crime* is charged therein, viz.: The exposing for sale and selling at one place, and on one occasion, the milk therein described, the sale of which is prohibited by said statute. The exposing for sale and selling, by the defendant, being charged conjointly in the indictment, are to be regarded as constituting one transaction and one crime under said statute, and subjecting the defendant to but one penalty. There is, seemingly, no incongruity in thus charging the crime, as the two acts, exposing for sale and selling, naturally coincide as constituting the crime charged. It does not necessarily follow that because exposing for sale such milk, or selling the same, are each made, by the statute, an offense, and when either is charged in an indictment in proper form will constitute a crime punishable by such statute, that specifying both in one allegation, in the manner in which the same has been done in this indictment must necessarily be regarded as including two crimes in one count of an indictment in violation of section 278 of the Code of Criminal Procedure. We do not perceive that, by the statute, the exposing for sale, or the selling, are to be differently punished; each offense would seem to be of the same grade, and subject to be dealt with accordingly, and, consequently, the indictment cannot be regarded as obnoxious to the objection that it contains the allegation in one count of two crimes which are to be differently punished. We are, therefore, convinced that the indictment should not have been held defective upon that ground. (*Boland* v. *The People*, 25 Hun, 423, 426; Wharton's Am. Crim. Law, § 390.) In *The Commonwealth* v. *Eaton* (15 Pick., 273), which arose upon a demurrer to an indictment, which charged the violation of a statute which provided as follows:

" If any person or persons shall sell, or offer for sale, or shall advertise, or cause to be advertised for sale, any lottery ticket or tickets, * * * or shall draw any lottery not authorized by the laws of this common-wealth, * * * he or they shall severally forfeit and pay to the use of the commonwealth a sum not more than one hundred dollars for either of the offenses aforesaid." The indictment contained only one count, and was demurred to for duplicity, and the indict-ment was sustained. Judge WILDE, in his opinion, states: "It is true that an offer to sell, without selling a ticket, is an offense by the statute, but an offer to sell, and actually selling, is but one offense. A sale *ex vi termini* includes an offer to sell." The case of *The Commonwealth* v. *Symonds* (2 Mass., 163), which is cited by the counsel for the respondent upon this appeal, is referred to by Judge WILDE in his opinion and distinguished as follows: "For in that case two distinct offenses were charged, for which distinct and different fines were provided." The case which we are considering may be distinguished from the one referred to upon the same ground. (See, also, *The Commonwealth* v. *Brown*, 14 Gray, 419, 431 ; *Booth* v. *The People*, 91 N. Y., 60.)

This indictment is assailed upon the further ground that it is not alleged therein to whom the milk was sold by the defend-ant. This we deem a fatal omission. If the purchaser thereof was known, his name should have been stated, and if unknown, such fact should have been alleged. The Code of Criminal Procedure (§ 275), in defining what the indictment must con-tain, provides, in subdivision 2 of that section, as follows: "A plain and concise statement of *the act* constituting the crime without unnecessary repetition." The act sought to be charged was the sale of milk of a kind prohibited by said statute. To constitute such sale there must have been a purchaser, and the defendant was entitled to be informed by the indictment who such purchaser was, so that he could be prepared to disprove such sale upon the trial, if it had not been made as alleged. The omission of such statement in the indictment constituted a material defect, as, without it the defendant would be liable to surprise upon the trial, and quite likely to be prejudiced by such omission. The defect, therefore, must be regarded as matter of substance, and not merely of form, as it was the right of the defendant to be informed not merely

of the crime charged, but also of *the act* which constituted it. (*People* v. *Dumar*, 106 N. Y., 502.)   Deeming the indictment fatally defective in this particular, we conclude that the judgment of the Sessions must be affirmed, with costs.

LEARNED, P. J., and LANDON, J., concurred.

Judgment of the Court of Sessions affirmed.