THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, v. THOMAS F. STARK, APPELLANT.

*Libel — the indictment must charge that the words were written or printed — the statement that it was published is a conclusion of law — evidence in denial of malice is competent.*

An indictment charged that the accused, Thomas F. Stark, at a time and place therein stated, "wrongfully, unlawfully and maliciously did publish of and concerning one Asa T. Soule, and of and concerning the part alleged to have been taken by him, said Asa T. Soule, in a certain riot which occurred, * * * a false, scandalous and malicious libel in the words and of the tenor following:" Following which was a copy of the alleged libel.

*Held,* that as there was nothing in the indictment showing whether the libel was written, printed or spoken, it failed to charge any criminal offense.

That if the publication was by the mere speech, it would not be indictable.

That, under section 275 of the Code of Criminal Procedure, the indictment must contain a plain and concise statement of the act constituting the crime.

That the allegation that the accused had published a libel was a mere conclusion of law and contained no statement as to how it was published, or showing in what way the act was criminal.

That it was error to exclude a question asked of the defendant on his own behalf during the trial, "Did you have any malice or malicious intent when you sent that paper?" as there could be no conviction of libel without a malicious intent, and although the publication of the libel imported malice it was not conclusive evidence upon that question.

APPEAL by the defendant Thomas F. Stark from a judgment, rendered on the 17th day of December, 1889, in the Wayne County Court and Court of Sessions, convicting him of publishing a libel, and from an order denying the defendant's motion for a new trial made upon the minutes of the court, entered in the Wayne county clerk's office on the 17th day of December, 1889, and from an order entered in the Wayne county clerk's office on the 17th day of December, 1889, denying the defendant's motion made in arrest of the judgment.

*W. Henry Davis*, for the appellant.

*John H. Camp*, for the respondent.

CORLETT, J.:

In June, 1889, the grand jury of Wayne county, at a Court of Oyer and Terminer, found an indictment against the defendant, the formal parts of which are as follows:

"The grand jury of the county of Wayne, by this indictment, accuse Thomas F. Stark, of the city of Rochester, in the county of Monroe, of the crime of publishing a libel, committed as follows, to wit: That the said Thomas F. Stark, at the town of Savannah, in the county of Wayne, on or about the fifth day of March, in the year of our Lord one thousand eight hundred and eighty-nine, and prior to the date hereof, wrongfully, unlawfully and maliciously did publish of and concerning one Asa T. Soule, and of and concerning the part alleged to have been taken by him, said Asa T. Soule, in a certain riot which occurred at and in the city of

Cimarron, in the county of Gray and State of Kansas, on the twelfth day of January, A. D., one thousand eight hundred and eighty-nine, in which said riot, and during the continuance thereof, certain guns and pistols, then and there being loaded with powder and leaden balls, and held in the hands of certain person or persons to the grand jury aforesaid unknown, who were then and there engaged in said riot, were shot off and discharged by the said persons so holding them as aforesaid, by reason and in consequence of which said holding in the hands, shooting off and discharge of said guns and pistols so loaded as aforesaid, one man was killed and eight other men each received and suffered gun-shot wounds, in and upon or about their respective bodies, a false, scandalous and malicious libel in the words and of the tenor following : "   Then it contains a copy of the alleged libel.

The indictment was sent to the Court of Sessions, and in December of the same year the defendant was tried upon it in that court. He was convicted and sentenced to imprisonment in the Monroe County Penitentiary for ten months.   A stay was obtained and the defendant appealed to this court.   The case shows that the defendant demurred to the indictment upon the ground that no criminal offense was alleged.   The court overruled the demurrer.   On the trial evidence was objected to on the same ground and overruled, to which exception was taken by the defendant's counsel.   A motion in arrest of judgment was also made upon the same ground, which was denied and exception taken.

The evidence showed that the defendant lived in the city of Rochester, and that Soule lived either in Rochester or Savannah. It also tended to show that in February, 1889, the defendant sent to Ammon S. Farnum, a resident of Savannah, Wayne county, a newspaper containing the alleged libel set out in the indictment.   The defendant objected to the evidence upon the ground that the facts were not alleged in the indictment, and upon the other grounds above, stated.   The objections were overruled, the defendant excepted and the article in the newspaper was read in evidence.   The evidence also tended to show that Farnum wrote to the defendant and got the newspaper at the request of Asa T. Soule, the person libeled ; also, that the purpose was to obtain evidence to secure the indictment and conviction of the defendant.

On the trial the defendant was examined as a witness, and asked on his own behalf this question: "Did you have any malice or malicious intent when you sent that paper?" The counsel for the People objected to the evidence. The court sustained the objection, and the defendant excepted.

Section 242 of the Penal Code defines a libel as follows: "A malicious publication, by writing, printing, picture, effigy, sign *or otherwise than by mere speech*, which exposes any living person, or the memory of any person deceased, to hatred, contempt, ridicule or obloquy, or which causes or tends to cause any person to be shunned or avoided, or which has a tendency to injure any person, corporation or association of persons in his or their business or occupation is a libel."

Townshend on Slander and Libel ([3d ed.], § 95, p. 146) states, among other things, as follows: "Every communication of language by one to another is a publication." Section 98 states: "The publication of language may be *orally* or in writing; the distinction between these two modes of publication is material to be observed, as it marks the boundary line between slander and libel." Section 99 is: "Where the communication has not been reduced to writing, its communication from one to another must be an oral publication."

Section 242 of the Penal Code, above quoted, shows that a publication may be "by mere speech," but when so made it is not indictable. The distinction is shown in section 98 of Townshend above quoted. Webster also defines a publication as being by words or writing.

There is nothing in the indictment showing whether the libel was written, printed or spoken. It was long since held that an indictment must show on its face that the libel was written or printed. (2 Archbold's Crim. Pr. and Pl. [7th ed.], 223, 224.)

It is the rule that where an exception is stated in the statute defining the offense, the indictment must show that the case is not within the exception. (*People* v. *Brown*, 6 Park. Crim. Rep., 666.) In *Jefferson* v *People* (101 N. Y., 19) this rule is restated; but it was held not to be applicable to the indictment in that case. In *Harris et al.* v. *White* (81 N. Y., 532) it was held that where the exception is contained in the enacting clause the indictment must negative the exception. The exception in the present case is

embodied in the section of the statute creating the offense, the enacting clause.

If the publication was by words, it would be simply slander, and not indictable. There are no exceptions to the rule that an indictment under a statute must state all the facts and circumstances which constitute the statutory offense, so as to bring the accused perfectly within the provisions of the statute. (*People* v. *Allen*, 5 Denio, 76 ; *People* v. *Taylor*, 3 id., 91 ; *People* v. *Burns*, 7 N. Y. Crim. Rep., 96; *People* v. *Dumar*, 106 N. Y., 505 ; *Phelps* v. *People*, 72 id., 349.)

The exception here is in the section defining the offense and the enacting clause. (*People* v. *Robertson*, 3 Wheeler's Crim. Cases, 189.) Even in an action to recover damages for fraud it is the established rule that where the proof is equally consistent with guilt or innocence, there must be a verdict for the defendant. (*Morris et al.* v. *Talcott*, 96 N. Y., 100.)

It is also settled that a party in pleading must clearly state his cause of action or defense, and when a statement in a pleading is susceptible of two meanings, the one most unfavorable to the pleader must be adopted. (*Clark* v. *Dillon*, 97 N. Y., 370.)

In criminal cases it is the universal rule that where the indictment will admit of a construction in favor of innocence, it should be adopted. Construing this indictment by these rules, which may be treated as practically elementary, it is obvious that it fails to charge a criminal offense. The alleged libel may have been simply the verbal utterances of the defendant. There is nothing in the bill which charges him with either writing, printing or circulating written or printed matter. It necessarily follows that no criminal offense is charged in the indictment.

This doctrine is illustrated in *People* v. *Standish* (6 Parker's Crim. Rep., 111). In that case the defendant was indicted for illegal voting. It was alleged generally, that he, "not then and there being a qualified voter," did vote, etc. The particular disqualification under which he rested was not alleged. It was proven upon the trial that the defendant made a bet, which, under the statute, disqualified him. The court held that the particular disqualification should have been alleged in the indictment. "Those facts which give character to the act, and which render it criminal, should be alleged in the indictment, otherwise the great object of

pleading — that of informing the party what he is called upon to answer — will be defeated."

The indictment omits to state, as before suggested, whether the alleged libel was spoken, written or printed. It also fails to state the manner or mode of publication, whether he wrote to Farnum or sent him the newspaper, or went to his residence and talked with him, is nowhere stated. It is not even stated that he published it to Farnum, or to whom or in what way he published it. Nor is it alleged that any of the above omissions were unknown to the jurors. The cases above quoted throw light upon this branch of the case and tend to show that all the particulars requisite to show the exact character and nature of the offense must be clearly stated. But the proposition has been decided in numerous analogous cases.

In prosecutions for the sale of liquor it has been repeatedly held that the name of the person to whom sales were made, or that it was unknown to the jurors, must be stated. (*Commonwealth* v. *Thurlow*, 24 Pick., 378 ; *Commonwealth* v. *Thornton*, 14 Gray, 41 ; *Commonwealth* v. *Murphy*, 2 id., 513.)

In *People* v. *Burns*, decided under the new Criminal Code (7 N. Y. Crim. Rep., 96), the indictment charged the defendant with selling impure milk. But there was no statement showing to whom the sale was made. The court held this to be a fatal defect.

Section 275 of the Code of Criminal Procedure shows that an indictment must contain " a plain and concise statement of the act constituting the crime, without unnecessary repetition." The act in this indictment is not stated at all. It merely alleges the publication of a libel, which is a mere conclusion of law ; but it contains no plain or other statement of the facts, how it was published or in what way the act was criminal. The question whether a publication is or is not a libel depends upon the facts. The term *libel*, without further allegations, involves simply a legal proposition.

In *Butler* v. *Viele* (44 Barb., 166) it was held that where the complaint alleged that a deed was procured by false and fraudulent representations and practices, and by undue and improper influences, it stated mere conclusions of law and failed to show a cause of action. To the same effect are all the cases. (*Bonnell* v. *Griswold*, 68 N. Y., 294 ; *Cohn* v. *Goldman*, 76 id., 284 ; *Buffalo Cath. Inst.* v. *Bitter et al.*, 87 id., 250.)

The indictment in the case at bar simply charges the publication of a libel without alleging any facts. It is obvious, therefore, that the indictment in the two particulars above stated is fatally defective. In addition to this, a serious question arises whether the record of conviction would be a bar to another prosecution on account of its vagueness and uncertainty, it being in evidence that numerous papers might be sent to different persons in different localities and counties, and that the defendant might be guilty of a great number of criminal offenses. But the indictment in the case at bar throws no light upon which of these various offenses the indictment was founded. *Phelps* v. *People* (72 N. Y., 349) illustrates the necessity of this certainty.

The publication, as the statute above quoted shows, to be libelous must be malicious. Malice imports an evil intent or wish or design to vex, annoy or injure another person. (Penal Code, § 718.)

To constitute a crime there must in all cases be a criminal intent. (*Reg.* v. *Mullins*, 3 Cox Crim. Cases, 526; *People* v. *Farrell*, 30 Cal., 316; *Town of St. Charles* v. *O'Mailey*, 18 Ill., 407; *Campbell* v. *Commonwealth*, 84 Penn. St. Rep., 197; *Genet* v. *Mitchell*, 7 Johns., 130; *People* v. *Terrell*, 33 N. Y. St. Rep., 368; *People* v. *Sullivan*, 4 N. Y. Crim. Rep., 193.)

At one time it was looked upon as doubtful whether the party accused could swear directly as to his intent when that question was involved in the issue.

In *People* v. *Baker* (96 N. Y., 340), where the indictment was for obtaining property under false pretenses, the defendant was asked by his counsel to state what was his intention in receiving the $575. This was objected to, excluded and held error. The same principle is decided in *McKown* v. *Hunter* (30 N. Y., 625), which was a case for malicious prosecution. Another illustration is found in *Kerrains* v. *People* (60 N. Y., 221), which was the case of an assault with a deadly weapon with intent to kill. The question in that case was, "What was your intention in taking the ax from the shed?" It was rejected. The court on appeal held this to be error, and reversed the judgment.

The principle decided in the above cases clearly shows that it was error to reject the evidence of the defendant in this case. Where

the question involved in the issue is a material fact, it is of no consequence whether it is fraud, malicious prosecution, assault or libel. There can be no conviction for libel, as the statute shows, without a malicious intent. And when it was proposed to show by the defendant that no such intent existed on his part, it was error to reject the evidence within the above authorities. Where the question of intent is material, it may be negatived by the party accused, under the rules now firmly established.

In the case at bar there is another reason in favor of its admission. The evidence tended to show that there was a conspiracy on the part of the person alleged to be libeled with Farnum, to cause the publication with a view to prosecute the defendant. He was written to, to send the paper; he complied with this request with the understanding that it was to be returned to him. Under these circumstances, it is very clear that the motive he had in sending the paper might bear directly upon the question of his guilt.

The learned counsel for the respondent argues that the publication of the libel imports malice. This is true; but the statute does not go to the length of making the publication conclusive evidence on that question.

The case does not rest upon the rejection of evidence, but is necessarily disposed of by the fatal defects in the indictment.

It follows that the conviction must be reversed and the defendant discharged.

MACOMBER, J., concurred.

DWIGHT, P. J.:

I fully concur in the opinion of Justice CORLETT, to the effect that the indictment in this case was fatally defective for the want of a sufficient description of the offense sought to be charged.

An indictment is an accusation in writing * * * charging a person with a crime. (Code of Crim. Pro., § 254.) It must contain a plain and concise statement of the act constituting the crime. (Id., § 275.) The crime sought to be charged in this case was the publication of a libel. (Penal Code, § 243.) In the indictment that crime is charged, in terms, without any statement of the act of the defendant which constituted the crime. The words and tenor of the alleged false, scandalous and malicious publication are set out

in the indictment, but there is no statement of the manner in which the publication was made. Such a statement was essential to the indictment, because the manner of the publication was of the essence of the crime. It is not every false, scandalous and malicious publication which constitutes a libel. By statutory definition such publication must be "by writing, printing, picture, effigy, sign or otherwise than by mere speech." (Penal Code, § 242.) There is no allegation in this indictment that the publication was by either of the means specified, or that it was otherwise than by mere speech.

Counsel for the prosecution refers to section 289 of the Code of Criminal Procedure as justifying the omission of a more full description of the offense. But it is very clear that the provisions of that section have no application to the question here considered. The section reads: "An indictment for libel need not set forth any extrinsic facts for the purpose of showing the application to the party libeled of the defamatory matter on which the indictment is founded; but it is sufficient to state generally that the same was published concerning him; and the fact that it was so published must be established on the trial." It is plain that the sole purpose and effect of this provision is to dispense with the allegation of extrinsic facts of the particular character specified, viz., of facts showing the application of the libel to the complainant; that it prescribes a form of allegation sufficient in that respect alone; that it substitutes for the allegation of those extrinsic facts the general statement that the defamatory matter was published concerning the party charged to be libeled, and that it does not dispense with the allegation of all or any facts necessary to bring the act of the defendant within the definition of the crime sought to be charged.

The question of the sufficiency of this indictment is presented by several exceptions of the defendant, any one of which was fatal to the judgment. The judgment of the Court of Sessions of Wayne county must be reversed, the indictment dismissed and the defendant discharged.

MACOMBER, J., concurred.

Judgment and conviction of the Court of Sessions of Wayne county reversed, the indictment dismissed and the defendant discharged.