County Court, Monroe County, December, 1898. Unreported.

PEOPLE OF THE STATE OF NEW YORK *v.* FERRANTO.

The indictment in this case charges the defendant with misdemeanor, committed by the sale of fermented and malt liquors on Sunday, December 6, 1896, at the city of Rochester. In the first count it is alleged that he did "offer and expose for sale fermented and malt liquors in quantities of less than five gallons at a time to be drunk on the premises, on the first day of the week commonly called Sunday, to divers ill-meaning and ill-disposed persons, said persons not being then and there guests of any hotel, contrary to the form of the statute, etc." The second count charges that the defendant on said day "did sell and deliver fermented and malt liquors * * * to a person, said person not being then and there a guest of any hotel." In the third count it is alleged that the defendant did "give away and deliver fermented and malt liquors * * * to divers ill-disposed and ill-meaning persons, said persons not being then and there guests of any hotel." The three counts refer to the same transaction.

The defendant demurs to the indictment, among other grounds because it does not contain a plain and concise statement of the act constituting the crime, as required by section 275 of the Code of Criminal Procedure.

Pomeroy P. Dickinson and Thomas E. White, for defendant.

George D. Forsyth, District Attorney, for the People.

SUTHERLAND, Co. J. It is claimed that this indictment is defective because it does not state the name of the purchaser to

whom the defendant is charged with selling liquor on the Sunday named herein, nor does it contain any allegation to the effect that the name of the purchaser was unknown to the grand jury. In an opinion written in 1837 by Chief Justice Nelson in Peo. v. Adams, 17 Wend. 475, the Supreme Court of this State said that in an indictment for selling liquor without a license it was not necessary to state the name of the purchaser. And this view was entertained by Chief Judge Hunt, of the Court of Appeals, in an opinion written in the case of Osgood v. The People, 39 N. Y. 449. But in the Osgood case it appears that the appeal to the Court of Appeals, upon the determination of which the opinion of Chief Judge Hunt was written, involved only the form of the judgment which was pronounced by the Court of Sessions and did not bring up for review the proceedings upon the trial. After Osgood was convicted in the Court of Sessions of Niagara county, a bill of exceptions was made, and, pursuant to the practice then followed, judgment upon the conviction was stayed until the decision of the Supreme Court should be had upon the exceptions; a writ of certiorari was then sued out and the proceedings upon the trial were reviewed and the conviction affirmed by the Supreme Court, which remitted the case to the Court of Sessions with directions to proceed and render judgment thereon. No appeal was taken by the defendant from the judgment of the Supreme Court affirming the conviction. The Court of Sessions, pursuant to the directions of the Supreme Court, rendered judgment upon the verdict and from the judgment thus rendered a writ of error was sued out from the Supreme Court which affirmed the judgment that the Court of Sessions had pronounced, and the appeal to the Court of Appeals was from the last mentioned judgment of the Supreme Court. On the second hearing of the matter the Supreme Court had held that the writ of error brought up for review only the form of the judgment, which was held to be regular, Judge Clerke of the Court of Appeals wrote an opinion in which he stated that the accused was not entitled to two reviews of the same trial by the Supreme Court, and that the Supreme Court upon the second hearing were right in confining their attention merely to the form of the judgment, and that the merits of the conviction were not properly before the Court of Appeals for review. In this opinion of Clerke, J., it appears all the rest of the judges of the Court of Appeals concurred. It would seem, therefore, that the statement made by

Chief Judge Hunt to the effect that upon a prosecution for an unlawful sale of liquor the name of the purchaser is not a material ingredient in the description of the act constituting the offense, had not the controlling force which it would have, had the court considered that the merits of the conviction were brought up for review.

The Code of Criminal Procedure, § 275, states that an indictment must contain " a plain and concise statement of the act constituting the crime." And under an indictment for selling impure milk the general term of the third department, in 1889 (*Peo.* v. *Burns,* 53 Hun, 275), held that this provision of the Criminal Code makes it necessary to state the name of the purchaser in such an indictment, or, if unknown, to allege such fact accordingly. The court says (at page 278) : " The act sought to be charged was the sale of milk of a grade prohibited by said statute. To constitute such sale there must have been a purchaser, and the defendant was entitled to be informed by the indictment who such purchaser was, so that he could be prepared to disprove such sale upon the trial, if it had not been made as alleged. The omission of such statement in the indictment constituted a material defect, as, without it the defendant would be liable to surprise upon the trial and quite likely to be prejudiced by such omission. The defect, therefore, must be regarded as matter of substance, and not merely of form, as it was the right of the defendant to be informed not merely of the crime charged, but also of *the act* which constituted it." In Peo. *v.* Stone, 84 Hun,130, the Supreme Court, General Term, fourth department, held that an indictment charging the defendant with offering for sale fertilizers below the grade required by statute, was fatally defective, among other reasons because it did not contain the name of the person to whom the fertilizer was offered to be sold nor any allegation that the name of such person was unknown to the grand jury. The court says (at page 137) : " The doctrine of the cases cited seems to be conclusive upon this question, and to uphold the defendant's contention that the indictment was defective in not stating the name of the person or persons to whom the packages of fertilizer were offered for sale, or, if their names were not known, in alleging that fact." In People *v.* Greig, 59 Hun, 107, the defendant was the mayor of the city of Hudson and was indicted for engaging in the manufacture and sale of intoxicating liquors while holding such office, contrary, it seems, to the provi-

sion of the charter of said city. The indictment did not state the precise date of the alleged sale nor the name of the purchaser, and the General Term of the third department set aside the conviction, holding that the indictment was defective in that the exact nature of the charge was not therein set forth. And the court refer with approval to the language of Judge Ingalls in People *v.* Burns, *supra,* which has been quoted, to the effect that the name of the purchaser is a necessary ingredient in the description of the act constituting the offence. The grand jury of the county of Wayne indicted one Stark for libel. The indictment contained no averment as to the manner of publication, whether by writing, printing or posting, or otherwise than by mere speech, or of the person or persons to whom it was addressed or by whom it was seen or read, or that the names of such persons were unknown to the grand jurors. The judgment of conviction was reversed and the indictment was set aside, the General Term of the fifth department (People *v.* Stark, 59 Hun, 51) holding that the indictment was fatally defective for the want of a sufficient description of the act constituting the crime sought to be charged; and in the course of his opinion Mr. Justice Corlett by way of illustration, refers to prosecutions for the illegal sale of intoxicating liquors, and assumes that in indictments therefor it is essential to name the purchaser, or to state that the name is unknown to the grand jury, if such be the fact.

There is nothing in the statute nor in the character of the offense itself, which justifies the adoption of a form of pleading less liberal to a defendant when he is prosecuted for the illegal sale of liquor, than is required when he is prosecuted for the illegal sale of other commodities; and if the name of the purchaser is known, it should be stated in the indictment in order to identify the charge, lest the grand jury indict for one offense and the defendant be tried for another; to enable the defendant to prepare for his trial; and in order that his conviction or acquittal may inure to his protection should he again be indicted for the same act. And, in my opinion, an indictment for the unlawful sale of liquor which does not state the name of the purchaser, if he is known to the grand jury, fails to fulfill the office which it is intended to perform under our present system of criminal practice.

The demurrer of the indictment must be allowed, and sustained, and judgment may be entered accordingly.