## COUNTY COURT—SCHUYLER COUNTY.
### Oct. 1909.

## THE PEOPLE v. THOMAS A. RICHARDSON.

### (64 Misc. 684.)

INDICTMENT—REQUISITES AND SUFFICIENCY OF THE ACCUSATION—CERTAINTY IN GENERAL.

An indictment under section 577c of the Penal Code (Penal Law, § 1192), charging that defendant as agent, sub-agent and broker of a designated foreign life insurance company did solicit and procure applications for insurance for it without first procuring a certificate of authority from the Superintendent of Insurance not being then and there an agent operating solely on the weekly payment plan of insurance, is fatally defective where it fails to allege of whom the defendant solicited and procured applications for insurance, or, if such information could not be obtained, that the name or names of such person or persons were to the jury unknown.

The defendant was indicted for violating section 577c of the Penal Code. The indictment charges that, " the said Thomas A. Richardson, on or about the 1st day of June, 1908, at the village of Burdett, town of Hector, county of Schuyler and State of New York, with force and arms, willfully, wrongfully and unlawfully did act as agent, sub-agent and broker of the Mutual Benefit Association of America, which was then and there a foreign life insurance corporation, doing business within the State of New York, and as such agent, subagent and broker, did solicit and procure applications for insurance for said corporation, without first procuring a certificate of authority from the Superintendent of Insurance of the State of New York, the said Thomas A. Richardson not being then and there an agent operating solely on the weekly payment plan of insurance, against the statute in such cases made and provided and against the peace of the people of the State of New York and their dignity."

The defendant demurs to the indictment upon the grounds:

*First.* That the indictment does not conform substantially to the requirements of sections 275 and 276 of the Code of Criminal Procedure, in that it does not contain a plain and concise statement of the acts constituting the crime;

*Second.* That the facts stated do not constitute a crime.

*George M. Velie, District Attorney,* for people.

*O. P. Hurd,* for the defendant.

NYE, J.:

Subdivision 2 of section 275 of the Code of Criminal Procedure provides that "The indictment must contain  .  .  . 2. A plain and concise statement of the act constituting the crime, without unnecessary repetition."

An indictment must charge both the crime and the act constituting it, and the omission of either is fatal. *People v. Corbalis,* 178 N. Y. 516, and cases there cited.

In *People v. Helmer,* 154 N. Y. 596, the court says: " The purpose of an indictment is to identify the charge against a defendant, so that his conviction or acquittal may inure to his subsequent protection, and to apprise him of the nature and character of the offense charged and of the facts which may be proved, so as to enable him to prepare his defense."

In *People v. Corbalis, supra,* Judge PARKER writing, it is said: " These decisions establish that the object of the legislature—in requiring that in addition to charging the crime the indictment must contain a plain and concise statement of the act constituting the crime—is two fold; *First,* to enable a defendant to prepare his defense; *second,* to prevent a second indictment for the same offense."

In *People v. Burns,* 6 N. Y. Supp. 611 (cited with approval in *People v. Stone,* 32 id. 519), where there was an indictment

for selling and exposing for sale impure milk, it was held that it was essential to the validity of such an indictment that it should allege to whom the milk was sold by the defendant, or, if the purchaser was unknown, that fact should be alleged in the indictment.

To constitute the act of soliciting and procuring applications for insurance, there must have been some person or persons of whom the defendant solicited and procured applications; and the defendant is entitled to be informed by the indictment who such person or persons are, so that he may be prepared to disprove that he has solicited and procured applications of such person or persons upon the trial, if he has not solicited or procured applications of such person or persons.

The omission of such statement in the indictment constitutes a material defect, as without it the defendant would be liable to surprise upon the trial, and might be prejudiced by such omission. This defect must be regarded matter of substance and not merely of form, as it is the right of the defendant to be informed, not merely of the crime charged, but also of the act constituting it. *People v. Dumar,* 106 N. Y. 502; *People v. Burns, supra.*

I am of the opinion that the indictment is fatally defective in failing to allege of whom the defendant solicited and procured applications for insurance, or, if the information as to that could not be obtained, that the name or names of the person or persons were to the grand jury unknown.

Demurrer allowed.

It being apparent that the objection upon which demurrer is allowed may be avoided in a new indictment, I direct that the case be resubmitted to another grand jury.