THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, v. HENRY L. GREGG, APPELLANT.

*Indictment — when it does not state "the act constituting the crime" — a mayor of a city, when not a police official within the meaning of chapter 163 of 1890 — when not required to take the test oath.*

An indictment, purporting to charge a violation of sections 1 and 3 of chapter 163 of 1890, providing that it shall be unlawful for any police official in the several cities of this State "to be either directly or indirectly interested in the manufacture or sale of spirituous or malt liquors," alleged that the mayor of the city of Hudson did "willfully, fraudulently and intentionally engage in the manufacture and sale of spirituous liquors" while holding the office of mayor of said city, and acting as such, and as head of the police under the provisions of the city charter.

On the hearing of a demurrer interposed to such indictment:

*Held,* that the allegation that the defendant did "willfully, fraudulently and intentionally engage in the manufacture and sale of spirituous liquors," was not a compliance with section 275 of the Code of Criminal Procedure, requiring that an indictment must contain "a plain and concise statement of the act constituting the crime."

That the allegation that the defendant did "engage in the manufacture and sale of spirituous liquors," did not constitute a charge that he was, "either directly or indirectly, interested in the manufacture or sale of spirituous or malt liquors" within the provisions of sections 1 and 3 of chapter 163 of the Laws of 1890.

The charter of the city of Hudson specified, among other duties of the mayor, that "as the head of the police of the city he shall preserve peace and good order therein."

*Held,* that this provision did not make him a police official within the meaning of sections 1 and 3 of chapter 163 of 1890.

That the mayor of Hudson was not required to take the test oath prescribed by section 3 of chapter 163 of 1890, not being one of the officers designated in that section.

APPEAL by the defendant Henry L. Gregg from an order made at a Court of Sessions of the county of Columbia, June 18, 1890, overruling a demurrer to the indictment against the defendant, and from a judgment of conviction of the crime of violating section 1 of chapter 163 of the Laws 1890, rendered against him by said Court of Sessions on the 18th day of June, 1890.

The indictment charged that the said Henry L. Gregg did heretofore, and previous to the finding of this indictment, at the city of Hudson, in this county, willfully, fraudulently and intentionally engage in the manufacture and sale of spirituous liquors and malt liquors, ale, wine and beer, while holding the office of mayor of the city of Hudson, and under the provisions of chapter 468 of the Laws of 1872, as amended, known as the city charter, and acting as such, and as head of police under the provisions of said charter, and while executing the functions of said office of mayor and head of police, without taking, signing and filing the oath prescribed by section 3 of said chapter 163 of the Laws of 1890, as required by said act, he, the said Henry L. Gregg having been elected to said office of mayor in December, 1888, to enter upon the discharge of his duties January 1, 1889, and to continue and including December 31, 1890.

To this indictment the defendant, on being arraigned, filed a demurrer, specifying four grounds:

*First.* That it appears on the face of said indictment that the same does not conform to the requirements of section 275 of the Code of Criminal Procedure, in that it does not contain a plain and concise statement of the act constituting the crime.

*Second.* That it appears on the face of the indictment that it does not conform to the requirements of section 276 of the Code of Criminal Procedure, in that it does not set forth the act charged as an offense.

*Third.* That it appears on the face of the indictment that the act or omission charged as a crime is not plainly and concisely set forth therein as provided in subdivision 6 of section 284 of the Code of Criminal Procedure.

*Fourth.* That it appears on the face of the indictment that the facts stated therein do not constitute a crime.

The court overruled the demurrer, and no plea having been entered by the defendant, a judgment of conviction and sentence was pronounced and entered by the court against the defendant, from which the defendant appeals to this court.

*Mark Dantz* and *Cadman & Peck,* for the appellant.

*A. V. L. Cochran,* district attorney, for the respondent.

MAYHAM, J. :

The technical, and in many instances prolix, forms of pleading in criminal actions or proceedings existing before the enactment of the Code of Criminal Procedure were, by that instrument, abolished, and the forms of pleadings in criminal actions and the rules by which their sufficiency is to be determined is now regulated by that enactment. (Code of Crim. Pro., § 273.)

But this does not leave the pleader in criminal actions without well-defined rules by which he must be governed, and the sufficiency of his pleading determined.

Section 275 of the Code of Criminal Procedure prescribes what an indictment must contain.

*First.* "The title of the action, specifying the name of the court to which the indictment is presented, and the names of the parties."

*Second.* A plain and concise statement of the act constituting the crime, and section 276 undertakes, as a part of the legislative enactment, to prescribe a general form by which the pleader may be governed in conforming to the rules prescribed in and by section 275, and it provides that if it be a misdemeanor, having no general name, the pleader must insert a brief description of it as given by the statute, and add "committed as follows," and after giving the name, time and place of the alleged offender and offense, the pleader is directed to "set forth the act charged as an offense."

If these are the rules by which the sufficiency of pleading is to be determined, as provided by section 273, we must compare the indictment in these cases with them to determine whether it substantially conforms to these requirements.

The indictment to which the defendant interposes this demurrer purports to be for violations by the defendant of sections 1 and 3 of chapter 163 of the Laws of 1890. Section 1 of that act provides that : It shall be unlawful for any excise commissioner, excise inspector, police commissioner, police inspector, captain, sergeant, roundsman, patrolman, or other police officials, or subordinate of any police department, or any commissioner of excise or inspector of excise in the several villages, towns and cities of this State to be either directly or indirectly interested in the manufacture or sale of spirituous or malt liquors, ales, wines or beer. * * *

The defendant presents three principal questions by this demurrer, each of which seem worthy of careful consideration :

*First.* Does the indictment set forth the act constituting the crime with sufficient definiteness to answer the requirements of section 275 and section 276 of the Code of Criminal Procedure ?

*Second.* Does the indictment charge a crime under the provisions of section 1 of chapter 163 of the Laws of 1890 ?

*Third.* Is the defendant, as mayor of the city and *ex officio* the " head of police " of the city of Hudson, embraced within the description of police officials as referred to in section 1 of chapter 163, Laws of 1890 ?

We think the first question propounded above must be answered in the negative. The indictment charges, in general terms, that the defendant " willfully, fraudulently and intentionally engaged in the manufacture and sale," etc.

No other and more definite designation of the act charged is given in the indictment. There is no concise statement in the indictment of the *act* constituting the crime, as required by subdivision 2 of section 275 of the Code of Criminal Procedure ; nor does the indictment anywhere set forth the *act* charged as an offense as clearly required by the form prescribed by the legislature in section 276 of the Code. These requirements are clearly embraced in the Criminal Code and must be considered in determining the sufficiency of an indictment.

The object of a statement of the *act* charged as criminal in an indictment is to inform the accused of the exact nature of the charge made against him. That is the primary object of all pleading in criminal as well as civil proceedings.

It is not enough to allege that the accused committed murder, without alleging the name of the victim, or to charge burglary or forgery without stating what was burglarized, or in what the forgery consisted; nor is it sufficient to allege in general terms, under section 1 of chapter 163 of the Laws of 1890, that the defendant "fraudulently and intentionally engaged in the manufacture and sale of spirituous," etc, without any statement of the time, place or manner.

But we are not left in this case to a pioneer construction of these sections of the Criminal Code when applid to indictments of this character. This question was fully considered in an indictment, not distinguishable in principle from this, in the case of the *People* v. *Burns* (53 Hun, 278), where INGALLS, J., uses this language: "The omission of such statement in the indictment constituted a material defect, as without it the defendant would be liable to surprise upon the trial and quite likely to be prejudiced by such omission. The defect, therefore, must be regarded as matter of substance, and not merely of form, as it was the right of the defendant to be informed, not merely of the crime charged, but also of the act which constituted it," and held that the indictment was fatally defective for that reason. This is in accordance with the rule laid down in *People* v. *Dumar* (106 N. Y., 509, 510).

The next inquiry is, does the indictment charge a crime under the provisions of section 1 of chapter 163 of the Laws of 1890? The indictment charges that the defendant did willfully, fraudulently and intentionally engage in the manufacture and sale of liquors while holding the office of mayor, etc., but does not charge, in terms, that he is "directly or indirectly *interested* in the manufacture or sale of spirituous or malt liquors, ales, wines or beer." The allegation of the indictment might be strictly true, and yet the defendant might in no way be *interested* in the manufacture or sale, within the language of the statute; he might be a common laborer in a brewery or distillery, or an engineer running a distillery, and thus engaged in the manufacture of distilled or fermented liquors, and yet be in no way *interested* in its manufacture; and the same might be

said of an agent employed by the month to sell, or a teamster employed under a salary for its delivery, and yet having no interest in the business; and it could not be said that he was *interested* within the language of this act, because, in construing a penal statute, we must deal with the language employed by the legislature, and are not at liberty to import into it other language for the purpose of broadening its signification.

It must be construed strictly, at the same time giving full force and effect to the language actually employed by the legislature. It is true that words used in a statute need not in all cases be used in an indictment. But the legislature, in the Criminal Code, have furnished a rule which should be followed. Section 283 of the Code of Criminal Procedure, upon the subject, provides as follows : Words used in a statute to define a crime need not be strictly pursued in an indictment, but other words conveying the same meaning may be used. But we have seen that the word " engage " used in the indictment does not convey the same meaning as the word " *interested* " employed in the statute. We think, for this reason, that the indictment in this particular does not charge the commission of a crime under section 1 of chapter 163, Laws of 1890.

In the *People* v. *Dumar* (*supra*) the court says : " If there was no accusation of a crime, the paper, however formal in other respects, would not be an indictment."

It is quite true, as claimed by the learned district attorney, that a demurrer to an indictment is not permitted for imperfections of form, and upon this subject we are referred to the case of the *People* v. *Clement* (107 N. Y., 205), where the court says : " The Code of Criminal Procedure enumerates the grounds upon which a demurrer may be interposed (§ 323), and does not permit a demurrer for imperfections in the form of the allegations, but, on the contrary, section 285 declares that no indictment is insufficient, nor can the trial, judgment or other proceedings thereon be affected by reason of any imperfection in matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits." The soundness of this proposition, or the authoritative utterance of the Court of Appeals cannot be questioned. But the objections we have discussed do not relate to matters of form, but, as we think, relate to the substantial rights of the defendant.

The third and last proposition which we are called upon to consider is, whether the defendant comes within the list of officials named in section 1 of chapter 163 of the Laws of 1890.

The charter of the city of Hudson makes the mayor a member of the common council, and, when present, its presiding officer. Section 15 of the charter (Laws of 1872, chap. 468, § 15) provides as follows: "As the head of the police of the city he shall preserve peace and good order therein." This is the only provision of the charter that we have been able to find that in any way connects him with the police, except that by the same section he has power to remove any policeman. Does this provision make him a police official within the meaning of section 1 of chapter 163 of the Laws of 1890? We think not. He certainly is not police commissioner, police inspector, captain, sergeant, roundsman, patrolman. Does he come within the other designation — other police official or subordinate of any police department? We think not. As chief executive officer of the city the mayor is ordinarily invested with authority of heading the police, or giving directions to the police force, for the purpose of preserving order and maintaining peace, but in no ordinary acceptation of that term can he be regarded as a police official; and we think it would be doing violence to the ordinary meaning of the term, as well as to the intention of the legislature, in the absence of an express declaration of legislative intent, to hold that the mayor of Hudson is one of the police officials of that city.

If the legislature had intended to make the mayor a constituent part of the police, his name would have preceded that of police commissioner instead of leaving it to be spelled or guessed out of the term "police official," and named in connection with subordinates to the police department.

We find no rule of construction that would justify us in holding that the mayor is a police official, when he is nowhere expressly designated as such, when such construction would make him amenable to the provisions of a criminal or penal statute.

"It is a well-established rule of law that statutes which create criminal offenses are to receive a strict, and not a liberal, construction, and they should not be enlarged by interpretation beyond their fair meaning and import." (*Sherwin* v. *People*, 100 N. Y.,

361, 362.) If we are right in this view, then the mayor of Hudson was not required to take the test oath prescribed by section 3 of chapter 163 of the Laws of 1890, as he was not one of the officers designated in that section.

The judgment of the Court of Sessions of Columbia County overruling the defendant's demurrer to the indictment, and the conviction thereon, must be reversed, and the defendant must have judgment on the demurrer.

LEARNED, P. J., and LANDON, J., concurred.

Judgment of Court of Sessions reversed and judgment for defendant on demurrer.