THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* SETH OLMSTED, Appellant.

*Sufficiency of a criminal information — selling liquor without a license — Court of Special Sessions.*

An information filed with a justice of the peace, as the basis of a criminal pro-. ceeding in a Court of Special Sessions, should state the crime charged with such accuracy that the defendant may know the exact offense which it is claimed that he has committed.

An information, filed with a justice of the peace, charged that the defendant "on various occasions of 1890 and '91, at Mongaup Valley, in the town of Bethel, county of Sullivan, N. Y, at different times did commit the crime of selling strong and spirituous liquors" to certain persons named, who were examined on oath, by the justice, and each swore that he had purchased lager beer of the defendant and drunk it on his premises, upon which testimony a warrant was issued charging the sale of strong and intoxicating liquors without a license.

*Held,* that the papers were defective and would not support a conviction in the Court of Special Sessions, for the reason that the information did not charge any specific crime, and the crime attempted to be set forth was defectively alleged as to time;

That the defendant must be tried upon the information and not upon the warrant;

That an information should allege the facts constituting the crime and the time when it was committed. (MAYHAM, P J., dissenting.)

'APPEAL by the defendant, Seth Olmsted, from a judgment of conviction " for the crime of selling strong and intoxicating liquors," rendered against him in a Court of Special Sessions, held in the town of Bethel, Sullivan county, on the 28th day of February, 1891, and affirmed by the Court of Sessions of Sullivan county on the 17th day of June, 1891.

*Charles H. Stage,* for the appellant.

*Melvin H. Couch, District Attorney,* for the respondent.

HERRICK, J.:

It seems to me that the conviction in this case should be reversed, for the reason that the complaint or information upon which the defendant was tried did not sufficiently state the crime charged against him.

While proceedings before inferior courts are to be liberally con-

strued, and informations lodged before committing magistrates are not expected to be drawn with the technical accuracy that an indictment should be (*Hewitt* v. *Newburger*, 48 N. Y. St. Repr. 811), yet such informations, taking the place as they do of indictments in superior courts, should state with sufficient accuracy the crime charged, that the defendant may know the exact offense which it is claimed he has committed, so that he may properly prepare his defense, and also in order that after he has been tried upon the charge he may plead it in bar upon any subsequent charge against him for the same offense.

The information in this case does not specify the crime charged with sufficient accuracy to comply with the requirements suggested ; it does not apprise the defendant of the exact charge against him, and the charge is so indefinitely made that it does not seem to me that it would be available as a plea in bar to a subsequent charge made against him for the same offense.

The information is that the defendant, " On various occasions of 1890 and '91, at Mongaup Valley, in the town of Bethel, county of Sullivan, N. Y., at different times did commit the crime of selling strong and spirituous liquors to Andrew R. Ramsey, Thomas Casey, Edgar Peck and others."

When a person is charged with doing an act which may or may not be a crime, and the circumstances or facts which render the act criminal are not set forth, it seems to me that no crime is charged.

Selling strong and spirituous liquors may or may not be a crime ; if it is sold without a license that is a crime ; if sold with a license it may or may not be a crime ; if sold to a minor, to Indians, on Sunday, or within prohibited hours on secular days, it is a crime, although the person selling has a license.

None of these offenses are set forth in this information, yet if it is held good any one of these charges could be proved upon the trial.

What particular violation of the Excise Law in regard to the sale of liquors is the defendant notified to defend himself against by this information ; against what particular charge can he plead it in bar after he has been tried upon it ?

It is true that in this case the warrant states the sale to have been without a license, but the defendant is not tried upon the warrant,

but upon the information; the warrant has fulfilled its office when it has brought the defendant into court; that is its only function.

So, also, the allegation as to time is defective. While time is not an ingredient of the crime of unlawfully selling liquors, except as to prohibited days and hours, and when alleged need not perhaps be proved exactly as alleged, yet the time of the commission of the offense should be alleged for the purpose of apprising the defendant when it is claimed he committed such crime (*People* v. *Stocking*, 50 Barb. 573), in order that he may prepare his defense, and also that he may use it, as before suggested, as a plea in bar. Stating the offense to have been committed during two years, as in this case, is not fixing any time at all; it seems to me that both time and place, when and where his crime is alleged to have been committed, should be set forth in the information; that justice to the person charged so requires; and the information not complying with that, it is insufficient.

I conclude, therefore, that the information is defective in that it does not charge any specific crime, and that the crime attempted to be set forth is defectively alleged as to time, and that the defendant should not have been placed upon trial upon it, and that his conviction thereupon should be reversed.

PUTNAM, J., concurred.

MAYHAM, P. J. (dissenting):

Appeal from a judgment of the Court of Sessions of Sullivan county, affirming a conviction by a Court of Special Sessions in the town of Bethel in that county.

The return shows that preliminary to the issuing of the warrant upon which the defendant was convicted, an information, in writing, and on oath by two complainants, was filed with the justice containing the following charges:

"That one Seth Olmsted, on various occasions of 1890 and '91, at Mongaup Valley, in the town of Bethel, county of Sullivan, N. Y., at different times did commit the crime of selling strong and spirituous liquors to Andrew R. Ramsey, Thomas Casey, Edgar Peck and others."

That pursuant to such information, the justice of the peace with whom the same was filed took the examination on oath of each of

the persons to whom it was in the information charged that the defendant had sold liquor, who each severally swore that he had purchased lager beer of the defendant at his house in the town of Bethel, and had paid him for the same, and had drunk it upon his premises, without specifying the precise time of such purchase, two of whom fixed the time in 1890, and one in January, 1891.

Upon this information and proof the justice issued his warrant, under which the defendant was arrested and brought before such justice. The warrant contained the following language: "Information upon oath having this dáy been laid before me that the crime of selling strong and intoxicating liquors at his residence in the town of Bethel, Co. and State aforesaid, on various occasions, in the year of 1890 and 1891, without a license for selling the same, has been committed, and accusing Seth Olmsted thereof."

On the return of the warrant the defendant made various objections, as follows:

*First.* That the facts set forth in the complaint herein do not constitute crime.

*Second.* That the facts set forth in the complaint are not sufficient to give the court jurisdiction.

*Third.* That the warrant was issued without legal proof as required by the Code.

*Fourth.* This charged partiality in the magistrate.

*Fifth.* That the defendant was illegally arrested.

All of these objections were overruled by the justice.

The case was tried by a jury and objection is made that the jury was illegally organized.

The venire purports to have directed the constable to summon the persons named on the back thereof to make a jury for the trial of the defendant, charged with selling intoxicating liquors without a license. The names or number of jurors so directed to be summoned do not appear in the return, except inferentially by the certificate of the constable, by which it appears that he served ten persons named therein personally, and two by leaving copies at their residences. A second venire was issued on request of the People. This contained a general direction to summon ten good and lawful men to serve as jurors, not exempt by law from such service, and not of kin to the complainants or defendant.

This was returned by the constable, with a certificate made by him, that he had served the same on ten persons whose names were embraced in the return. The return fails to show that the jury returned on this second venire was challenged by the defendant either to the array or poll.

The defendant requested the court to compel the People to specify upon what charge or alleged offense the defendant was to be placed on trial, which request was denied and the defendant excepted. So far as information and proof preliminary to the issuing of the warrant was concerned, we think the proceedings a substantial compliance with chapters 1 and 2 of title 3 of the Code of Criminal Procedure.

It is quite true that it does not appear from the information or examination that the defendant at the time of selling this lager had no license or that the lager was intoxicating liquor.

But the warrant charges the sale without a license, and we think the information and examination was sufficient to confer jurisdiction upon the justice to issue the warrant.

The case is not similar to that of *People* v. *Gregg* (59 Hun, 107) or *People* v. *Newark* (5 N. Y. Supp. 239), cited by the appellant. In the latter case the justice on the receipt of the information did not, before issuing the warrant, examine on oath the informant or witnesses, but seemed to rely upon an affidavit taken before a notary public, and another affidavit not prepared by the justice was not a substantial compliance with the provisions of section 148 of the Code of Criminal Procedure and not sufficient to confer jurisdiction upon the justice. The irregularity in the proceedings of the justice in procuring a jury, would, I think, have been fatal to this conviction had proper challenges been interposed either to the array or poll of such jury.

But the return discloses the manner in which a jury was obtained without objection, except the objection to the issuing of the second venire, which objection was disregarded by the justice. But it does not appear that the jurors returned on that venire were challenged or objected to, and no objection was raised or appears to have been made to their serving as jurors in the case.

The Code of Criminal Procedure provides that the defendant has the same number of challenges in a Court of Special Sessions as are

allowed on the trial of an indictment for a misdemeanor (Code, § 707), and section 363 provides that a challenge to the panel must be taken before the jurors are sworn, and must be in writing, specifying the facts constituting the ground of challenge. This appears to have been entirely omitted by the defendant.

It would seem, therefore, that the irregularities in obtaining this jury were waived by the defendant, and he cannot avail himself of them on this appeal. In *Pierson* v. *The People* (79 N. Y. 429) it was held that the prisoner on trial under an indictment for murder could waive any irregularity in procuring the jury, and that he might even waive a constitutional right, and in the absence of an objection and exception he is deemed to have waived such an irregularity.

But it seems that a mere irregularity in procuring a jury, or in the organization of a jury, is not ground for the reversal of a conviction unless it appears that the defendant was prejudiced by the same.

In *Cox* v. *The People* (80 N. Y. 511) the court says : " It is well settled that mere irregularities in the drawing of grand and petit jurors is not a ground for reversing a conviction unless it appears that they operated to the prejudice of the prisoner."

The evidence in this case fully sustains the charges in the information, examination and warrant, of the sale by the defendant, without a license, of lager beer, which was, by the evidence, shown to be intoxicating liquor, and, therefore, fully justified the verdict and judgment.

Judgment of the Court of Sessions and of the Special Sessions must be affirmed.

Judgment of conviction reversed.