·(61 App. Div. 559.)

### PEOPLE v. BATES.

(Supreme Court, Appellate Division, Fourth Department. May 28, 1901.)

1. INDICTMENT AND INFORMATION—SUFFICIENCY—UNLAWFUL SALE OF LIQUOR—LIQUOR TAX LAW.
   An indictment alleging that accused, on a certain date, and in a certain town, violated the liquor tax law, in that he "wrongfully and unlawfully did sell" certain liquors to certain persons, is insufficient to charge a crime, as it does not inform the accused of the nature of the act constituting the crime.

2. SAME—JUDICIAL NOTICE.
   The fact that the court would take judicial notice of the liquor tax law, and the vote of the electors of the town named in the indictment that no certificates to sell liquor should be permitted to be issued within the town, as public acts, would not operate to sustain the indictment, since such facts would simply relate to the nature of the proof to establish the crime.

Appeal from Ontario county court.

Arnold Bates was convicted of a violation of the liquor tax law, and he appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and RUMSEY, JJ.

George Raines, for appellant.
Robert F. Thompson, for respondent.

RUMSEY, J. The defendant demurred to the indictment on the ground, among others, that the facts stated did not constitute a crime. That demurrer was overruled. The case was tried, and the defendant was convicted and sentenced, and he takes this appeal from the judgment of conviction.

The appeal brings up the ruling upon the demurrer (Code Cr. Proc. § 517), and the defendant relies upon an alleged error in that ruling for the reversal of this judgment. The indictment accused the defendant of the crime of a violation of the liquor tax law, committed as follows: "That the said Arnold Bates, * * *. on or about the 16th day of October, in the year of our Lord one thousand nine hundred, at the said town of Richmond, in the county aforesaid, with force and arms, certain liquors [naming them] wrongfully and unlawfully did sell to one Spencer Becker, and to certain other persons, whose names are to the grand jury aforesaid unknown." Then follows the usual formal ending of an indictment. It was held by the learned county judge that this indictment sufficiently stated the crime of which the defendant was accused, and for that reason the demurrer was overruled. The law requires that the indictment must contain, among other things, a plain and concise statement of the act constituting the crime, without unnecessary repetition. Code Cr. Proc. § 275. The defendant insists that there is no inference of the commission of a crime arising from an allegation of a sale of liquor in the town of Richmond. It is true that the indictment says that the liquor was illegally sold, but that does not amount to a statement of a fact, but is merely a conclusion of law, and does not aid the defendant in giving him information of the nature of the crime of which he is accused. Nor is the indictment strengthened by the fact that the defendant is accused of the crime of violation of the liquor tax law. The statute requires, not only that the crime of which the defendant is charged should be stated, but that there should be, in addition, a plain and concise statement of the act constituting the crime. It is here that the defect lies. In considering the sufficiency of the indictment, it must be remembered that no question is presented as to the proof necessary to convict under it. The only question is whether there can be found within the indictment such a statement of the act constituting the crime as will enable the defendant to know precisely what it is alleged he has done by way of violation of the liquor tax law, so that he may meet the proof which is likely to be offered against him. It is necessary that the statement should be contained in the indictment itself. People v. Olmsted, 74 Hun, 323, 26 N. Y. Supp. 818. An illegal sale of liquor in the town of Richmond might be made either by selling without a certificate, or, if one had a certificate, by selling in a prohibited manner, or to prohibited persons, or at prohibited days or hours; or, if the electors of the town had voted to limit the persons to whom or the purposes for which a certificate might be given under section 16 of the statute, by selling in violation of their determination as declared by that vote. The defendant is undoubtedly entitled to know in what particular way it is said that he sold illegally in that town. The claim is that by the vote of the electors of the town it had been determined that no certificate to sell liquor in that town should be granted, and that, therefore, any sale was a violation of the statute. Nothing of that kind, however, is alleged in the indictment. It is sought to be sustained because it is said that, the liquor tax law being a

public act, and the vote of the electors of the town of Richmond that no certificates to sell liquor should be permitted to be issued within that town being also a public act, the court is bound to take judicial notice of them; and that, therefore, it is not necessary to allege or prove those facts.   There is grave doubt whether this proposition could be sustained, but, if it could, it simply goes to the nature of the proof to establish the crime, and does not tend in any way to relieve the people of the necessity of alleging in the indictment the manner in which the crime was committed.   Under the former excise law, when one was accused of selling liquors without a license, it was necessary to allege that fact in the indictment. Jefferson v. People, 101 N. Y. 19-22, 3 N. E. 797.   The same rule applies under this law.   People v. Olmsted, 74 Hun, 323, 26 N. Y. Supp. 818.   If the crime is that the defendant sold liquor in the town of Richmond after the electors of that town had voted that no licenses should be granted, his sale was a violation of that law whether he had a certificate or not; but he is entitled to have that fact stated in the indictment, so that he may know the precise nature of the charge made against him.   Therefore, as the indictment contained no such statement, it was manifestly defective, and the demurrer should have been sustained; and, for the error in refusing to sustain the demurrer, the judgment must be reversed. It is unnecessary, therefore, to examine any of the other questions presented in the case.

The judgment must be reversed, and the demurrer sustained, and the indictment dismissed, without prejudice, however, to the submission of the case to another grand jury.   All concur.