County Court, Monroe County, January, 1902. Unreported.

PEOPLE ex rel. PETER WARD *v.* THOMAS W. FORD, as Sheriff.
PEOPLE ex rel. WILLIAM PFARRER *v.* THOMAS W. FORD as Sheriff.

*Hubert B. Hallock,* for relators.

*Robert Averill,* assistant district attorney for the people.

SUTHERLAND, J.: The return discloses that the relator is held in custody by the sheriff of Monroe county, having been surrendered to the sheriff by his bondsmen, who had signed the undertaking required by Justice of the Peace HANFORD BASS, of the town of Parma, when the relator was held by said justice of the peace to await the action of the grand jury on the charge of selling intoxicating liquors without a liquor tax certificate in the town of Parma. The relator attacks the jurisdiction of the justice to hold him for the grand jury. When the relator was arrested and brought before the justice for examination, he moved for his discharge upon the ground that the justice had no jurisdiction to issue the warrant for his arrest, and the authority of the justice to conduct the examination is the question here.

Before a warrant was issued for the relator in the first instance, a written information, dated December 14, 1901, was verified by one James Swart before said justice, in which it is alleged: "Upon information and belief that on or about the 15th day of October, 1901, at the town of Parma, in said county of Monroe, Peter Ward, of said town of Parma, county of Monroe, did commit crime of misdemeanor in that he did at the time and place above

named unlawfully, wilfully and knowingly violate the Liquor Tax Law of the State of New York by selling lager beer to Henry Hines in violation of the terms of section 16 of the Liquor Tax Law. He, therefore, prays that subpœnas be issued for Henry Hines and Henry Bufton, and their depositions taken, and that upon all the evidence adduced, a warrant be issued and the said Peter Ward be apprehended to answer to said complaint, and be dealt with according to law."

This information does not state that the relator did not hold a liquor tax certificate when the sale was made, nor does it state that Parma was a no-license town at said time. Consequently no criminal act is charged, and the allegations of the information were not sufficient to give the justice authority to compel the attendance of witnesses. (*People ex rel. Laid* v. *Hannan,* 92 Hun, 476; *People* v. *Bates,* 61 App. Div. 559; *People* v. *Olmstead,* 74 Hun, 323.)

But after the information was filed, the justice issued subpœnas for the witnesses Hines and Bufton, who responded thereto without objection and were duly sworn by the justice and their depositions reduced to writing and properly subscribed. In his deposition Hines states that in the month of October, 1901, at the Appetite Springs Hotel, in the Town of Parma, he purchased of the relator a glass of lager beer, which, relator drew and delivered to Hines, who immediately drank it and paid relator therefor. The witness Bufton testified that he was town clerk of Parma and had been since 1893, and gave the vote on the license question in Parma at the town election held November 5, 1901, and at the last previous town meeting at which the people voted on the question, March 7, 1899, and from this vote it appears that relator could not have held a liquor tax certificate in October, 1901.

The information filed by Swart was insufficient to issue a warrant upon, but the depositions of Hines and Bufton supplemented the affidavit of Swart and completed the legal proofs necessary to invest the justice with jurisdiction to issue the warrant for the arrest of the relator.

I cannot see how the jurisdiction of the justice to finally issue a warrant is affected by the fact that the witnesses, Hines and Bufton, could not have been compelled to make the depositions on which the warrant issued, had they chosen to resist the subpœna. If they had accompanied Swart voluntarily to the jus-

tice's office and made these depositions, the warrant issued thereon would surely have been regular; and I cannot see that their failure to exercise their right to refuse to respond to the subpœna renders their depositions nugatory.

The justice had acquired jurisdiction when the warrant was issued, and the subsequent proceedings being regular, the motion to discharge the relator is denied.