ECONOMOPOULOS v. BINGHAM, Police Com'r.

(Supreme Court, Special Term, Kings County. October 10, 1907.)

SUNDAY—AMUSEMENTS—"SHOWS."
    Defendant owned a confectionery store, and operated a moving picture exhibition in a room adjoining, in which soda water, ice cream, etc., was served during the performance. Held. that it constituted a "show," the operation of which on Sunday is prohibited by the express provision of Pen. Code, § 265.
    [Ed. Note.—For other definitions, see Words and Phrases, vol. 7, pp. 6500; vol. 8, p. 7800.]

Injunction by John Economopoulos against one Bingham, as police commissioner. Denied.

The premises of the plaintiff consist of a store on Broadway, Brooklyn, about 25 feet wide and 100 feet deep, also a large room on the first floor on Park street, 50x100, and connected with the Broadway store. In the Broadway store there is a candy store and soda water and ice cream stand. In the Park street place, beginning at the rear, there are 15 rows of benches. Behind the benches are a number of tables and chairs, and moving pictures are displayed on the rear wall of the Park street premises. The pictures are thrown from a machine operated in the Park street premises. On payment of 20 cents, on February 10, 1907, defendant's deputies were served with two glasses of soda water, and sat on one of the benches, and saw moving pictures, and heard a piano play while the pictures were being shown. Soda water was sold at the counter for 5 cents a glass.

Kramer, Cohn & Burby (Wm. H. Burby, of counsel), for plaintiff.

Francis K. Pendleton, Corp. Counsel (Edward Lazansky, of counsel), for defendant.

KELLY, J. The show is certainly not a part of the confectionery business, which is made lawful by section 267 of the Penal Code. It cannot be denied that it is a "show," and it is not a private show. All public shows are prohibited on Sunday by section 265 of the Penal Code. It is not for the court to enact statutes, or to repeal them. Nor is it any reason for enjoining the police that other violations of the law are allowed. This prohibition against public shows on Sunday has been a part of the law of this state for many years. If the law is wrong, about which there may be diversity of opinion, it should be repealed. As long as it remains on the statute books, I will not enjoin the police from enforcing it. I do not think the charging of an admission fee, or the failure to charge a fee, changes the situation; but, if it has any bearing, the affidavits show that the plaintiff collects admission by an extra charge on soda water and the like sold to people who are permitted to view the exhibition and listen to the music.

Motion denied.