THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
HERMAN WACKE, Appellant.

(County Court, Kings County, June, 1912.)

Criminal law — information charging a violation of § 305 of the ordi-
nances of the city of New York — dismissal of information.

> One conducting a hotel at Coney Island is not guilty of a vio-
> lation of section 305 of the ordinances of the city of New York,
> which prohibit the conducting of a common show without a
> license, by the exhibition in such hotel of moving pictures, no
> admission fee being charged either to enter the hotel or the room
> where the pictures are shown.

> An allegation in an information charging a violation of said
> section that on a certain day " defendant did unlawfully operate
> a moving picture show — being a common show — at Coney
> Island " is not a statement of fact but merely a conclusion of
> law; and the omission of the words " without a license " is not a
> mere failure to allege a matter of form, but is the omission of a
> matter of substance which renders the information insufficient and
> the same should be dismissed and defendant discharged.

APPEAL from a judgment of conviction rendered against
defendant in the City Magistrates' Court of the city of New
York, in and for the eighth district of the second division.

Stephen O'Brien, for appellant.

Archibald R. Watson, corporation counsel (James D. Bell,
Charles J. Druhan, of counsel), for respondent.

NIEMANN, J.   Appeal from a judgment of conviction ren-
dered against the defendant by the Hon. Charles J. Dodd,
city magistrate, in the City Magistrates' Court of the city of
New York, in and for the eighth district of the second divi-
sion.

The defendant has been convicted of conducting a com-
mon show without a license in violation of chapter 7, article
I, section 305 of the ordinances of the city of New York.
It appears from the evidence taken at the trial that the de-
fendant conducts a hotel on Surf avenue and West Twelfth
street, Coney Island, and is engaged there in the business of

trafficking in liquors under a liquor tax certificate issued to him by the state of New York. In conjunction with the said business he offers entertainment to his patrons by maintaining in his place of business the usual apparatus and screen for exhibiting moving pictures. The ground floor of the hotel is a large open room having a seating capacity of from 500 to 600 persons, being provided with that number of chairs and about 100 tables, and having a bar on the side. In this room moving pictures are thrown upon a white surface and provided by the defendant for the entertainment of his guests. No admission fee is charged to enter the hotel or the room where the moving pictures are shown. Defendant does not hold what is known as a common show license of the city of New York.

Upon this appeal defendant urges as grounds for the reversal of the judgment of conviction: (1) that the information is insufficient in that it does not state facts sufficient to constitute a crime; and, (2) that the evidence adduced at the trial shows that the defendant was engaged in the business of keeping a hotel and that inasmuch as the exhibition was given only as an incident to the hotel business, as a gratuitous contribution to his guests for their entertainment, such exhibition does not come within the provisions of said ordinance.

*First.* "An information is the allegation made to a magistrate that a person has been guilty of some designated crime." Code Crim. Pro., § 145. It performs the same function as an indictment in a court of record, and must set forth facts to establish the crime; not with the exactness of an indictment, but with sufficient preciseness to inform the magistrate that a designated crime has been committed. If it charges the crime in the words of the statute, it should allege the time, place, person and other circumstances that constitute such crime. People ex rel. Allen v. Hagan, 170 N. Y. 46; People v. Olmstead, 74 Hun, 323; People v. Pillion, 78 id. 74; People v. Payne, 71 Misc. Rep. 72. All the material facts constituting the offense must be stated. No essential element of the crime can be omitted. The principal facts must be charged. United States v. Hess, 124 U. S.

483, 486. The strictness formerly required in criminal pleading has been relaxed, but the requirement that the information must set forth every essential element of the crime still exists. People v. Albow, 140 N. Y. 130, 134. Where the crime is statutory the precise facts necessary to constitute the offense, *i. e.,* the particular violation of the statute, must be alleged. The following examples will illustrate this point:

In People v. Bates, 61 App. Div. 559, the indictment charged the defendant with the crime of violating the Liquor Tax Law in that he did wrongfully and unlawfully sell liquor to certain persons, and it was held to be defective because it did not contain a statement of the precise ground of the violation, namely, that it failed to allege that the electors of the town mentioned in the indictment had voted that no certificate to sell liquor in that town should be granted.

In People v. Olmstead, 74 Hun, 327, the information filed with the justice of the peace charged that the defendant " on various occasions of 1890 and '91 at Mongaup Valley, in the town of Bethel, county of Sullivan, N. Y., at different times did commit the crime of selling strong and spirituous liquors " to certain persons named. It was held to be defective and not sufficient to support a conviction in the Court of Special Sessions, for the reason that it did not charge any specified crime, that is, it did not state whether the liquor was sold without a license, or to a minor, or to Indians, or on Sunday, or within prohibited hours on secular days.

In People ex rel. Sandman v. Tuthill, 79 App. Div. 24, the information alleged " that on or after the 1st day of May, 1911, at the town of Riverhead, in said county of Suffolk, one David Sandman and other persons of said town of Riverhead, county of Suffolk, did commit the crime of misdemeanor in that they did at the time and place above named, unlawfully, wilfully and knowingly violate the Liquor Tax Law of the State of New York." This was held to be insufficient, and the defendant was released from the county jail upon writ of habeas corpus, and, when the magistrate continued to take testimony under the information, a writ of prohibition was issued against him, which was affirmed by the Appellate Division. The court held that a general allega-

tion of the violation of a statute without stating the particular grounds of the violation was insufficient to give the court jurisdiction.

In People v. Lowndes, 130 N. Y. 455, an indictment based upon a provision of the Penal Code that a non-resident " who plants oysters in the waters of this state without consent of the owner of the same, or on the shore, or gathers oysters, in any such waters for his own benefit, or for the benefit of a non-resident employer," shall be guilty of a misdemeanor, was fatally defective because it omitted to aver that the planting was done for his own benefit or for the benefit of a nonresident employer, which was the essential element of said statutory offense.

The information under consideration on this appeal alleges " that on the 26th day of March, 1912, at the borough of Brooklyn, in the city of New York, county of Kings, Herman Wacke (now here) did unlawfully operate a moving picture show — being a common show — on Surf Avenue near West 12th Street, Coney Island, in violation of chapter 7, article 1, section 305, of the ordinances of the former city of Brooklyn, now the borough of Brooklyn, city of New York." The allegation " did unlawfully operate " is not a statement of fact but merely a conclusion of law. People v. Bates, *supra;* Dukes v. State, 71 S. E. Rep. 921. The violation, if any there was, consisted of conducting a common show *without a license.* To conduct a common show is not in itself a crime. It is a crime if conducted without a license. The omission of the words " without a license " is not a mere failure to allege a matter of form but is the omission of a matter of substance. It is a failure to allege the gravamen of the offense, to-wit, that defendant had no license. I am, therefore, of the opinion that the information is insufficient, and that the defendant's motion to dismiss the same and discharge the defendant should have been granted.

*Second.* The evidence failed to establish a violation of the ordinance in question. The ordinance depends for its validity upon section 51 of the New York charter (Laws of 1901, chap. 466). This section provides for the " licensing and

regulating certain trades or business." Section 305 of the ordinance in question passed by the board of aldermen, in pursuance of the authority granted to said board by said section 51 of the New York charter, is headed: "Business Requiring a License," and then states that "The following businesses must be duly licensed as herein provided," enumerating among them "common shows." It seems to me that a common show must be carried on as a business in order to come within the object and meaning of said charter provision and ordinances, and, where such show is conducted merely as an incident to some regular, established business, the ordinance does not apply. The defendant was not engaged in the moving picture business. He was conducting a hotel and was engaged in the hotel and liquor business. He was exhibiting the pictures for the entertainment of his guests as an incident to his hotel business at the sea shore. The case of People v. Royal, 23 App. Div. 258, seems to me to be decisive of the question under consideration. In that case, the court considering the then existing ordinance requiring certain persons and classes of person to be licensed, among them "common shows," said (p. 260): "We think the conviction was improper, and that what the defendant did does not constitute an exhibition within the meaning of the ordinance. It is not denied but that the word "exhibition," in its broad significance, would embrace what the defendant did in this case. But it is quite evident that the word, as used in the ordinance in question, is so used in a sense much more restricted. Given its broadest signification, there is a large class of business men that use various methods to attract custom and sell their goods that would be brought within its terms. Every contrivance for the automatic movement of dumb figures used in display windows to attract attention, every exhibit of paintings for sale or to arouse interest and attract visitors to public marts of trade, every person exhibiting exercising apparatus through the medium of an automaton or human being, every person displaying advertising matter, pictures and designs by means of a stereopticon, are a few of the very many things which would be brought within this ordinance if the word was to be construed in its general

sense. The connection in which it appears in the ordinance shows that its meaning has relation to entertainments where the exhibition itself is the principal thing and from which the exhibitor derives or expects to derive profit." See also case of People v. Martin, decided by the Court of Special Sessions of the city of New York, January, 1912 (N. Y. L. J., Jan. 8, 1912), which cites and follows People v. Royal, *supra.* In the above case it appeared that the defendant Martin conducted a restaurant for which he had a hotel license. On the fourth floor of the building there was performed what is known as a " cabaret show " for the entertainment of his patrons who were dining there. No admission fee was charged, but no one was permitted in this dining room who had not previously reserved a table for that particular night, though no charge was made for the reservation. The court held " that the primary object of the exhibition itself determines whether or not it comes within the ban of the statute ;" and that as the evidence disclosed " that such entertainment was a mere incident to the general business carried on in the premises in question, in other words, an attraction that might secure increased patronage in a center where competition was sharp and persistent," such show did not come under the provision of said statute. I have examined the cases of Weistblatt v. Bingham, 58 Misc. Rep. 328, and Economopoulos v. Bingham, 109 N. Y. Supp. 728, cited by the respondent, but consider the decision of the Appellate Division in the Royal case conclusive upon the question of construction here.

It follows from the foregoing that the judgment of conviction appealed from should be reversed. It was stipulated that the decision in this case should apply to the cases of People v. Diecker; People v. Weisberger; People v. Marakos; People v. Calaplas and People v. Ecomoupoly, in which the same questions arose, and the same judgment was rendered, and in each of which an appeal was duly taken; and the judgments of conviction in said cases are, therefore, also reversed.

Judgments reversed.