# SUPREME COURT — APPELLATE DIVISION — THIRD DEPARTMENT.

## July 8, 1920.

## THE PEOPLE v. ERIC HENDERSON.

### (192 App. Div. 852.)

(1) LIQUOR TAX LAW—SUBD. P, SECTION 30.

An indictment charging the defendants with the crime of having violated subdivision P of section 30 of the Liquor Tax Law in having a quantity of liquor in their possession in a town in which the trafficking in liquors was prohibited to persons not having obtained and posted a liquor tax certificate in conformity with the Liquor Tax Law, does not charge a violation of the statute, for it is not a crime, except in those cases in which the people of a particular township have voted to exclude all traffic, to have liquor in one's possession, and in such cases the question of whether there is a certificate or not is of no consequence.

(2) SAME—POSSESSION OF LIQUOR IN TOWN IN WHICH ALL TRAFFIC PROHIBITED.

Where the crime sought to be charged is that the defendant had liquor in his possession in a town in which the people had voted to exclude all traffic in liquor, it is necessary to allege in the indictment that the town had duly taken the action which took it out of the general rule and made it a crime to have liquor in one's possession.

(3) SAME—NECESSITY THAT INDICTMENT FOR STATUTORY OFFENSE ALLEGE PARTICULAR VIOLATION OF STATUTE.

Where the crime is statutory the precise facts necessary to constitute the offense, that is, the particular violation of the statute, must be alleged.

APPEAL by the defendants, Eric Henderson and others, from a judgment of the County Court of Tompkins county, rendered on the 14th day of October, 1918, convicting them, under section 330 of the Code of Criminal Procedure, of the crime of a violation of subdivision P of section 30 of the Liquor Tax Law upon their refusal to plead to the indictment, and also, as stated in the notice of appeal, from an order of the Supreme Court, made at the Tompkins Trial and Special Term

and entered in the office of the clerk of the county of Tompkins on the 11th day of October, 1918, overruling defendants' demurrer to the indictment and sending the case to the County Court for trial, and also from the order of said County Court denying defendants' motion for a certificate of reasonable doubt and a stay of proceedings on appeal.

*Stephens & Collins (Fitch H. Stephens* and *John D. Collins,* of counsel), for the appellants.

*Arthur G. Adams, District Attorney,* for the respondent.

WOODWARD, J.:

The indictment charges the defendants with the " crime of violating subdivision P of section 30 of the Liquor Tax Law of the State of New York, committed as follows," and then it is alleged that the defendants " on or about the 18th day of July, 1918, at the town of Lansing, in the county of Tompkins and State of New York, did wrongfully and unlawfully and wilfully have in their possession in said town of Lansing a quantity of liquor " (describing the same), said liquors being at said time and place so possessed by the said defendants without a duly licensed physician having prescribed the same for the medicinal use of said defendants, or for the use of any other person for which said liquors were so prescribed, and the said defendants not being then and there ordained priests or clergymen having said liquors in their possession in said town for sacramental or religious purposes to be used therein; " the said town of Lansing being then and there a town in which the traffic in liquors was prohibited pursuant to the provisions of the Liquor Tax Law of the State of New York, and the said Eric Henderson, the said Ray Drake, the said Joe Sammons, the said Paul Crim and the said H. L. Bachelor not having obtained then and there and posted a liquor tax certificate in conformity with the provisions of the Liquor Tax Law of the

State of New York; against the form of the statute in such case made and provided and against the peace of the People of the State of New York and their dignity."

There appears to have been much of confusion in the mind of the pleader. The statute provides (section 35, as amd. by Laws of 1909, chap. 281) that " all violations of this chapter, committed by any person on the same day, shall together constitute but one crime, which shall be denominated the crime of ' violating the Liquor Tax Law,' and it shall be competent to prove, on the trial or hearing, each separate violation committed on said date, provided each violation proved is set forth in the indictment, charge or complaint, in general or specific terms." The indictment charges, not the crime of " violating the Liquor Tax Law," but the " crime of violating subdivision P of section 30 of the Liquor Tax Law of the State of New York," and then in defining the manner of the alleged crime, it charges the defendants with wrongfully and unlawfully and wilfully having " in their possession in said town of Lansing a quantity of liquor; * * * the said town of Lansing being then and there a town in which the traffic in liquors was prohibited pursuant to the provisions of the Liquor Tax Law of the State of New York," the defendants " not having obtained then and there and posted a liquor tax certificate in conformity with the provisions of the Liquor Tax Law of the State of New York." The result of this language is to charge the defendants with having a quantity of liquor in their possession, in a town in which the trafficking in liquors was prohibited to persons not having obtained then and there and posted a liquor tax certificate in conformity with the provisions of the Liquor Tax Law of the State of New York, and this, so far as we discover, is not a crime, except in those cases in which the people of a particular township have voted to exclude all traffic, and in such cases the question of whether there is a certificate or not is of no consequence. The offense is in having the liquor in one's possession, subject to certain exceptions, in a town where the traffic is pro-

hibited.     (Section 30, subd. P, added by Laws of 1917, chap. 623, as amd. by Laws of 1918, chap. 473.)*     As the provisions of section 30, subdivision P, constitute an exception to the rule, it is, of course, necessary to allege that the town of Lansing had duly taken the action which took it out of the general rule, and not having done this the indictment is fatally defective.     It does not state facts sufficient to bring the defendants within the letter of the law.     It was not a crime on the 18th day of July, 1918, to have a quantity of liquor in one's possession in the town of Lansing without having a liquor tax certificate posted, unless such liquor was to be sold, offered or exposed for sale, or to be given away (Liquor Tax Law, § 30, as amd.), except that if the people of that town had voted to exclude the traffic it could not be lawfully held within the town, with the exceptions noted in the statute.     Where the crime is statutory the precise facts necessary to constitute the offense, *i.e.*, the particular violation of the statute, must be alleged.     (People v. Wacke, 77 Misc. Rep. 196, 198; People v. Bates, 61 App. Div. 559; People v. Olmsted, 74 Hun, 327; People ex rel. Sandman v. Tuthill, 79 App. Div. 24; People v. Lowndes, 130 N. Y. 455; People ex rel. Allen v. Hagan, 170 id. 46, 51.)     Here there is no allegation that the town of Lansing had voted to exclude traffic in liquors, and the averment in the indictment that the defendants had not procured and posted a liquor tax certificate serves merely to obscure the issue.     The case of People v. Bates (supra) would seem to be decisive of this case.

The judgment and order appealed from should be reversed.

All concur.

Judgment of conviction and order reversed and indictment dismissed.

---

* Since amd. by Laws of 1919, chap. 469, and Laws of 1920, chap. 911. The amendment of 1920 repealed section 30 and added a new section 30. See, also, Laws of 1920, chap. 911, § 39.—REP.