## THE PEOPLE *v.* WILLIAM FARRELL.

Indictment for having Counterfeit Coin in Possession, etc.—If the defendant is indicted for having counterfeit coin in his possession with intent to pass the same to defraud F. and others, evidence tending to prove that he had in his possession counterfeit coin for sale, and evidence that he sold such coin to F., is sufficient to warrant a conviction.

Conviction on Testimony of a Feigned Accomplice.—The rule that a defendant cannot be convicted of a criminal offense on the testimony of an accomplice, unless the same is corroborated, does not apply to a feigned accomplice.

Appeal from the County Court, City and County of San Francisco.

The defendant was convicted, and appealed.
The other facts are stated in the opinion of the Court.

*Coffroth & Spaulding,* and *W. M. Zabriskie,* for Appellant.

*J. G. McCullough, Attorney-General,* for the People.

By the Court, SHAFTER, J.:

The defendant was tried and convicted on an indictment for having counterfeit coin in his possession with intent to pass the same, and with intent to defraud T. B. Fargo and others. The appeal is from the judgment.

First—It is insisted that the evidence introduced had no tendency to prove the indictment.

The evidence tended to prove that the defendant had a ·large amount of counterfeit coin in his possession for the purposes of sale; and that Fargo, acting in concert with the police, approached the defendant and represented to him that he was one of the " brotherhood," and having gained his confidence, succeeded in purchasing of him counterfeit coin of the nominal value of fourteen hundred dollars. The price was paid and the coin was delivered. It may be true that this evidence does not tend to prove an intent on the part of the defendant to defraud Fargo, but that it manifests an intent to defraud or aid in defrauding " others" there can be no question.

Second—Fargo was the only witness in the case, and it is claimed that the judgment should be reversed on the ground that he was an accomplice.

The defendant is not charged with passing counterfeit money, but with having it in his possession with intent to pass it and with intent to defraud Fargo or others. The testimony does not show Fargo in complicity with the accused in the matter of his having the base coin in his possession, nor that the witness was at all implicated in the general purpose of the defendant to put it in circulation. The evidence tended to prove that the defendant had the coin in his possession with the intent and for the purpose alleged in the indictment, before and at the time the witness first met him. But at most, Fargo was but a feigned accomplice, and therefore he did not require corroboration. (*Commonwealth* v. *Williams*, 22 Pick. 476; *Commonwealth* v. *Downey*, 4 Gray, 29; 1 Green. Ev., Sec. 382.)

Judgment affirmed.