## Bragg Wright *v.* The State.

1. Accomplice Testimony. — A detective who for the purpose of discovering crime ostensibly aids in its commission is not an accomplice within the meaning of the provision of the Code which prohibits a conviction on the uncorroborated testimony of an accomplice.

2. Same — Charge of the Court. — The principal State's witness, as appeared by his own and other testimony, acquired his knowledge of the offence in the character of a detective and feigned accomplice. *Held*, that the court below correctly submitted to the jury the question whether the witness was or was not a guilty confederate, with appropriate instructions upon the law controlling accomplice testimony, and its effect upon the case if they found the witness to be such a confederate.

Appeal from the District Court of Nueces. Tried below before the Hon. J. C. Russell.

. The trial and conviction were for the theft of a beef, the property of W. W. Wright.

M. C. Holden, the principal witness for the State, testified that for about a month in the year 1878 he worked for the defendant in gathering and driving cattle, and while so employed saw the defendant change into his own brand the brand upon a beef branded in the brand of W. W. Wright. Witness did not assist the defendant in altering the brand, but came to the pen and saw it done by the defendant. He could not describe the defendant's brand. On cross-examination he stated that he was a member of

Capt. Hall's company of State troops, and had been detailed as a detective to watch the defendant, and therefore hired to the defendant, who was suspected of not dealing fairly with cattle. He continued in the defendant's employ, assisting in his cattle transactions, until he effected his object. He received no compensation as a detective.

Capt. Hall testified to the same effect in regard to Holden's service as a detective. There was no other corroboration of Holden's testimony respecting the *corpus delicti;* but several other witnesses testified with regard to the other allegations in the indictment.

*Pat O'Docharty* and *W. D. Givens*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WINKLER, J.    The only question presented in the record and discussed in the brief of counsel for the appellant requiring special consideration is this : Is the uncorroborated testimony of a detective of itself sufficient to warrant a conviction? The position of counsel for the appellant is that the testimony of such a witness is that of an accomplice, and that the court should have so charged the jury ; that it was error for the court to submit to the jury the question as to whether he had any such guilty participation in the crime of which the defendant was accused as to require such corroboration or not.

The judge who presided at the trial gave the jury the following charge as applicable to the witness who testified against the defendant : " If you believe from the evidence that the witness Holden was present when the animal was taken by Bragg Wright, if it was taken by him, and aided, assisted, or encouraged said Wright in taking said animal, and his action therein was done with a criminal intent, you must acquit the defendant, unless you find that his evidence is corroborated by other evidence connecting the defendant

with the offence committed; and the corroboration is not sufficient if it merely shows the commission of the offence. If, however, you believe said witness was employed as a detective by the State of Texas, and was acting as such in ferreting out crime, and his action with the defendant at the taking of said animal was solely for the purpose of discovering crime, his evidence requires no corroboration; if you believe it sufficient to convict upon, you will receive it and act upon it the same as any other testimony."

We concede that the authorities cited by the counsel in his brief maintain the position that the uncorroborated testimony of an accomplice will not alone be sufficient to warrant a verdict of guilty in any criminal case. This is specially provided for in the Code, as follows: "A conviction cannot be had upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the offence committed; and the corroboration is not sufficient if it merely shows the commission of the offence." Code Cr. Proc., art. 741.

Whilst it may be admitted that the language of the charge may be obnoxious to criticism, especially that portion which set out the principle that one who participates in the crime committed, with a guilty intent, is an accomplice in the sense requiring corroboration, it is believed that it was sufficient under the proofs to apprise the jury, if they believed from the testimony that the witness participated in the offence for which the defendant was being tried, with a guilty intent to aid the defendant in its perpetration, that then they could not convict the defendant on the testimony of this witness, unless they find "that his evidence is corroborated by other evidence connecting the defendant with the offence committed." This, however, does not fully meet the question. The charge further instructed the jury, in effect, that if the jury believed from the testimony that the witness Holden in his participation in the transaction was simply acting in the capacity of a

detective, and without guilty intent, but solely to aid in ferreting out crime of which the defendant had been suspected, that then he did not stand in the relation of one whose testimony required corroboration, but that he stood as any other witness, and subject to have his testimony weighed by the jury as that of any other witness in the case. We are of opinion that the court did not err in submitting the testimony to the jury, or in refusing a new trial on the ground that the verdict depended upon the testimony of this witness.

We are not aware that this precise question has before been presented to any of the courts of last resort in this State. The time allowed us for investigation has afforded but few cases in other States. Cole, J., in *The State* v. *McKean*, 36 Iowa, — (reported in 2 Greene's Cr. Rep.), in treating of a similar subject, says : " The authorities upon this question are few ; indeed there is but one case we have found in which the point was directly ruled. That case is *Rex* v. *Despard*, 28 How. St. Tr. 346, 387." There was found some difference between *Despard's Case* and the one the judge was considering ; but the judge, in deciding *McKean's Case*, said : " The court left the credibility of the witness, and the weight to be given to his testimony, entirely to the consideration of the jury. Of these they were the proper judges. We do not see how we can interfere with the action of either court or jury." In *The People* v. *Farrell*, 30 Cal. 316, it was held that " the rule that a defendant cannot be convicted of a criminal offence on the testimony of an accomplice, unless the same is corroborated, does not apply to a feigned accomplice." On these authorities we hold in the present case that, *first*, the court did not err in submitting to the jury the question as to whether the witness Holden was an accomplice or not ; and, *second*, that the credibility of the witness being fully submitted to the jury, and they having given full credence to the testimony, the conviction will not be set aside,

th ough resting mainly, if not entirely, on the testimony of
a detective.   Otherwise, the case is one of conflict of testi-
mony.   The writer has great sympathy with the argument
of counsel as to the general subject of the testimony of
hired detectives and spies upon the conduct of others, but
must say the remarks do not apply with full force to the
witness in the present case.   The judgment is affirmed.

*Affirmed.*