THE PEOPLE OF THE STATE OF NEW YORK, RESPOND-ENTS, v. MARGARET SMITH, APPELLANT.

*Evidence—Accomplice—one purchasing liquor in violation of the excise law is not an accomplice of the seller—Code of Criminal Procedure, sec. 399—The question whether the witness was an accomplice is to be decided by the court.*

The defendant was convicted of a violation of the excise law, in selling beer in quantities of less than five gallons without a license. All the evidence under which he was convicted was given by the person to whom the sale was made. The defendant objected that, under section 399 of the Code of Criminal Procedure, prohibiting a conviction "upon the testimony of an accomplice unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the crime," she could not be convicted upon the uncorroborated testimony of the witness.

*Held,* that the objection was untenable.

That, as the excise law made only the person selling, and not the purchaser, guilty of a criminal act, the purchaser was not an accomplice, within the meaning of the said section of the Code.

*It seems,* that under the circumstances of this case the question whether or not the witness was an accomplice was properly decided by the court, instead of being submitted to the jury.

APPEAL from a judgment of the Court of General Sessions of the county of New York, by which the defendant was convicted of a misdemeanor.

*Howe & Hummel,* for the appellant.

*Jno. Vincent,* assistant district-attorney, for the People.

DANIELS, J.:

The defendant was convicted of the offense of violating the excise laws by making a sale of beer in quantity less than five gallons, without license, to the complaining witness. The evidence was wholly given by him to establish the alleged violation of the statute, and it was insisted in the defendant's behalf that she could not be convicted upon it without further proof, tending to connect her with the commissions of the offense. This objection was presented under section 399 of the Code of Criminal Procedure, which has in terms, prohibited a conviction "upon the testimony of an accomplice unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the crime." But this witness in no manner participated in the act declared by the statute to be an offense. That was made out by the sale itself without license, and the person making the sale is the only one declared by the law to be criminal. The purchaser has been subjected to no criminal accountability whatsoever, and by the mere purchase he could not be a participant in the performance of the act which the statute has declared to be an offense. That was performed wholly and exclusively by the defendant, for she, unaided by the purchaser, acted alone in making the sale. An accomplice is a person involved either directly or indirectly in the commission of the crime. To render him such, he must in some manner, aid, or assist, or participate in the criminal act, and by that connection he becomes equally involved in guilt with the other party by reason of the criminal transaction. This witness incurred no such relation to the offense committed, and therefore was not an accomplice within the meaning of this section of the Code. A point similar to this arose in *Com.* v. *Willard* (22 Pic., 476), and *Com.* v. *Downing* (4 Gray, 29), and it was held by the court pronouncing those decisions that such a purchaser was not an accomplice. A similar principle was also observed and applied in *Campbell* v. *Com.* (84 Penn. R., 187); *State* v. *McKean* (36 Ia., 343); *Trustees, etc.,* v. *O'Mailey,* (18 Ill., 407); *Smith* v. *State* (37 Ala. [N. S.], 472); *People* v. *Farrell* (30 Cal., 316).

It has been urged that the question whether this witness was an accomplice or not should have been submitted to the jury, but that point was not raised upon the trial. And if it has been, the case of *Com.* v. *Glover* (111 Mass., 395) differed so far, in its controlling circumstances, from the present case as to render it inapplicable to the one now before the court upon this point.

The judgment from which the appeal has been taken should be affirmed.

DAVIS, P. J., and BRADY, J., concurred.

Judgment affirmed.