THE STATE OF MISSOURI, Respondent, v. MIKE TORPHY, Appellant.

**Kansas City Court of Appeals, January 16, 1899.**

1. **Criminal Law:** GAMBLING: INTENT: DETECTIVE. A detective who joins with persons in the commission of a crime for the purpose of securing their arrest and conviction, is not punishable, although he so far cooperates as to be guilty if his intention had been the same as theirs.

2. ——: ——: ——: ——. ELLISON, J., *dissenting:* Though a detective may seemingly take part with others in the commission of an offense for the purpose of bringing them to justice, yet he can not actually commit the crime himself and escape punishment on such grounds, and as defendant intentionally gambled he is guilty. Intention and motive distinguished.

*Appeal from the Jasper Circuit Court.*—HON. E. C. CROW, Judge.

DEFENDANT DISCHARGED.

HOWARD GRAY for appellant.

Under the agreed statement of facts the defendant was not guilty of any crime and should not have been convicted. State v. Reilly, 4 Mo. App. 392; McClain on Criminal Law, sec. 117; Bishop's New Criminal Law, sec. 345; Price v. People, 109 Ill. 109; Campbell v. Commonwealth, 84 Pa. St. 187; Commonwealth v. Baker, 155 Mass. 287; Commonwealth v. Downing, 4 Gray, 29; Commonwealth v. Graves,

State v. Torphy.

97 Mass. 114; People v. Noelke, 94 N. Y. 137; Commonwealth v. Hollister, 157 Pa. St. 13.

GILL, J.—Defendant has appealed from a judgment of the lower court adjudging him guilty of the statutory crime of gambling. The case was submitted to the trial judge on an agreed statement of facts, the substance of which was, that while defendant was a member of the city council of Carthage and as such one of the committee on police, he undertook, under the instruction and direction of the mayor, to ferret out and secure evidence against certain parties suspected of violating the law relating to gambling. With this in view, and for this purpose only, the defendant visited the suspected room in Carthage; and there finding certain parties, he entered with them into a game of poker, betting a small sum of money on the result. The agreed case concedes that defendant's sole object and purpose in engaging in the game was to disarm suspicion and enable him to secure evidence to convict these habitual violators of the law.

I. On the facts above stated, it seems to me that defendant ought not to have been convicted; there was clearly no criminal intent. The general proposition is, that without a criminal intent there ought not to be criminal punishment. In the late work of McClain on Criminal Law, section 117, the learned author says:

"Another illustration of the doctrine that the intent determines criminality is found in the rule that a detective who joins with persons in the commission of a crime for the purpose of securing their arrest and conviction is not punishable, although he so far cooperates as to be guilty if his intention had been the same as theirs. Thus a detective who has cooperated with a criminal in committing an offense is not to be deemed an accomplice whose evidence must be corroborated." The cases cited in notes by the author fully

sustain the text.    See Campbell v. Commonwealth, 84 Pa.
St. 187; Commonwealth v. Hollister, 157 Pa. St. 13; People
v. Noelke, 94 N. Y. 137; People v. Farrell, 30 Cal. 316;
Price v. People, 109 Ill. 109; State v. McKean, 36 Iowa,
343; 2 Taylor on Ev., sec. 971; 1 Greenl. Ev., sec. 382.

In view of the rule above stated and as announced in
the foregoing authorities, the defendant ought not to be
held.    The other judges concurring the judgment will be
reversed and defendant discharged.

ELLISON, J. (dissenting).—A detective, or a decoy,
may seemingly take part with others in the commission of
a crime or misdemeanor, for the purpose of bringing such
others to justice.    I think that is all the cases cited by Judge
Gill will be found to sustain. ˙ But the detective can not
actually commit the crime himself and escape punishment,
on the ground that his object was to apprehend others.    It
was decided in Pennsylvania that a detective did not become
the accomplice of those who murdered a man by reason of
joining the conspiracy and urging the crime, his intention
being to have them apprehended before the murder, though
in this he failed.    Campbell v. Commonwealth, 84 Pa. St.
187.

He may become a member of a band of murderers for
the purpose of exposing them to justice, but he, himself,
could not be excused for killing the man selected for assas-
sination.    For there he would do the act which makes up
the whole crime.    There are many instances where detec-
tives, for the purpose of apprehending burglars or other
thieves, join them in *their* perpetration of this offense, and
such detectives, seemingly, do commit the offense, but in
reality they do not convert the goods to their own use, and
have no intention of doing so, and therefore the main in-
gredient of the crime does not attach to them.    But if they
joined such criminals, and though acting as detectives, they
not only seemingly but did actually convert and secrete the

property, they would be thieves of course, and would be punished as such.

So it has been decided that one may purchase liquor of another engaged in its illegal sale and he is not an accomplice; and this, whether he is acting as a detective or otherwise. But it would not be contended that for the purpose of discovering the illegal vendor of the liquor, a detective could engage as his clerk, or partner, and himself make the illegal sale and not be held guilty. In some jurisdictions it is a misdemeanor and in some, a felony, to commit adultery. It would scarcely be pretended that one could escape punishment when he actually committed the act, on the plea that he did it for the purpose of discovering the adultress. The reason for all this is, that the detective has *purposely* committed *all* of the act which makes up the thing forbidden by law.

So in the case before us, the misdemeanor prohibited by law was playing at cards for money. Defendant did this: He did the thing prohibited by the statute, and he did it purposely, that is, intentionally. It will not do to say that he had no intention to gamble, for he *did* gamble, but said he did so with the view of detecting others. That was merely his motive, as distinguished from his intention. His intention was to do the act prohibited and his motive was to catch others. But one's motive, however sincere, will not excuse his violation of the penal statute. "That ultimate good was the transgressor's leading motive, while yet he intended to do what the law forbade, or that in fact good attended or followed the doing, will not avail him." 1 Bishop's Crim. Law, sec. 341. The motive to murder might be to rid the community of a bad man; or to theft or forgery, to obtain money for the payment of debts or to relieve necessities, yet these do not excuse. 1 Wharton's Crim. Law, sec. 119. In my opinion the defendant was properly convicted.