BRANTLEY *v.* STATE.

[65 South. 512.]

CRIMINAL LAW. *Intoxicating liquors. Offenses. Defenses.*

> Where a defendant at the request of another, to obtain him some whiskey, bought it from one selling in violation of law, he was guilty of acting as the agent of the purchaser and he cannot escape liability, by showing that he had been employed to obtain evidence against another unlawfully, selling intoxicants, and had the assurance of a deputy sheriff before making the purchase, that he would incur no risk; since his offense was entirely unnecessary to obtain evidence against the seller and was entirely distinct from that of unlawful selling.

APPEAL from the circuit court of Chickasaw county. HON. H. K. MAHON, Judge.

Will Brantley was convicted of acting as agent of the purchaser in the unlawful sale of intoxicants and appeals.

The facts are fully stated in the opinion of the court.

*Joe H. Ford,* for appellant.

As far as I have been able to discover, after exhausting every resource at my command and making a very exhaustive search, there is no authority of this court directly in point. Only one case has been found where a party who acted for the officers as spy, agent, or detective in ferreting out crime was prosecuted for participation therein. That case is *State* v. *Torphy,* 78 Mo. App. 208, cited and digested in 6 Dec. Dig., Crim. Law, sec. 20, and as an authority to the case of *Com.* v. *Hollister,* in 25 L. R. A. 787, 3 L. R. A. Extra Anno., New Ed., Cases as Authorities, p. 1369. In that case, the defendant, acting as a spy for the purpose of procuring evidence against gamblers, entered into a game with them and took part in the gambling. He was afterwards

indicted for gambling on that occasion and was convicted. On the appeal, the appellate court held that he was not punishable therefor. This view comports with reason and common sense. There was no guilty purpose or intent on the defendant's part in taking part in the game, although had he participated in the game, as he did, with the same purpose and intent of those against whom he was trying to secure evidence to arrest and convict, he would have been equally guilty with them.

So far as I have been able to find, the authorities hold that one occupying the position of this appellant on that occasion is not even guilty as accessory or accomplice. The criminal intent is lacking. He was acting for the benefit of the public. 12 Cyc. 189, 447; Jones on Evidence, sections 768 and 770; *Wright* v. *State,* 7 Tex. Ct. App. 545, 32 Am. Rep. 599; *State* v. *Gibbs,* 109 Minn. 247, 123 N. W. 810, 25 L. R. A. (N. S.) 449; *Com.* v. *Hollister,* 26 Nev. 196, 65 Pac. 802, Am. St. Rep. 688; *Sanchez* v. *State,* 90 S. W. 641, 48 Tex. Cr. Rep. 519; Wigmore on Evidence, section 2060 (b); *State* v. *McKean,* 36 Iowa, 343, 14 Am. Rep. 530.

*Frank Johnston,* assistant attorney-general, for the state.

The question arising on the objection to testimony is stated far too broadly by the appellant's counsel. The court did not rule out the evidence to the extent and in the manner as stated by the apellant in his brief. On the contrary, Neal, the defendant's own witness, was permitted by the court, to state, and did state, everything that he knew in regard to the alleged authority that he had given to the defendant to act as agent for Sykes in the purchase of the whiskey. The witness stated positively that he had authorized the defendant to act as a spy or detective in buying whiskey from this particular woman, the widow Smith, but that he never on any occasion authorized him to act as a detective in

playing the part of an agent in the purchase of the
whiskey, and that the full extent of his authority was.
to act as a detective in the purchase of the whiskey as a.
buyer of the whiskey and not as the agent for another.
Neal says he never heard of the Sykes matter. I submit.
to the court that the ruling of the circuit court was cor-
rect in not allowing evidence generally of a general.
authority to the defendant from any official to act as a
spy or detective in the liquor business generally.

This ruling is sound, I think, for the reason that he
might have had the general authority to detect illicit.
liquor traffic and might have acted on his own responsi-
bility and for himself in this particular instance. So
that when Mr. Neal was specifically examined in regard
to this particular occurrence, the court opened the door
wide and let him testify fully on the subject. When
the defendant found that Neal's testimony had failed
him, he shifted the ground and stated that Mahan had
authorized him to play the part of an agent for Sykes.
but the defendant didn't suggest, in his testimony, any-
where, that he ever reported this matter to Mahan and
Mahan therefore, is supposed to know nothing about it.
So that the court did not exclude the evidence on this
line in regard to the particular instance.

Mr. Arrington, the sheriff of the county, said that
Lon Mahan was his deputy and that Mahan, on one
occasion, told him that he was working up some liquor
cases, but he never mentioned the defendant at all as
having any connection whatever with his detective
work.

Chenault, the justice of the peace, contradicted the
defendant flatly in the statement made by the defendant
that he had reported this matter to Chenault of the
Sykes matter. He says that the defendant never told
him anything about the Sykes matter or this Neal busi-
ness but it seems that this defendant had been acting
as a purchaser of whiskey under Mahan's authority in

a transaction in which this widow was indicted, that she was tried and acquitted, but that nothing whatever was said about the defendant and the Neal employment. The widow Smith was never tried on the indictment in the matter of the sale to the defendant for Jesse Sykes. The whole story seems to have been discredited about the defendant acting as a detective for Neal, the constable, in the Sykes matter. This seems to have been treated as a side speculation of Mr. Brantley's—a little transaction on his own hook in which he got a drink of whiskey out of one of the bottles. So far, therefore, as the question of evidence is concerned and the ruling of the court on the question of evidence, I respectfully submit that there was no error whatever in the ruling of the trial judge.

The first instruction for the state is clearly correct. It tells the jury that if they believe from the evidence beyond a reasonable doubt that the defendant, with three dollars of Jesse Sykes' money, went to the Smith house and purchased the half gallon of whiskey for Sykes, as charged in the indictment, that is, meaning if he purchased the whiskey illegally and with a criminal intent, they should convict the defendant.

The second instruction granted for the state simply distinguishes between the selling of whiskey and acting as an agent for the purchaser of whiskey. It told the jury that although they may believe from the evidence that the defendant was not guilty of selling whiskey, yet if he was guilty of acting for a purchaser in the purchase of whiskey, as charged in the indictment, they should convict him.

The first instruction refused for the defendant was a peremptory charge and ought to have been refused. The second instruction is not pertinent to the facts because it assumes that the defendant was acting for J. R. Neal in this particular transaction for the purchase in ferreting out sales of whiskey, whereas, in point of

fact, there was no evidence that he was acting under the authority of J. R. Neal in acting as agent for Sykes and in purchasing the whiskey for Sykes.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a conviction for acting as agent or assistant of the purchaser in the unlawful purchase of intoxicating liquor. A Mr. Sykes gave to appellant three dollars, and requested him to purchase for him (Sykes) some whisky. This appellant did, purchasing the whisky from a woman named Smith, and delivering it to Sykes. The testimony for appellant was to the effect that he had been requested by a deputy sheriff to assist him in ferreting out "blind tigers," and particularly to assist him in obtaining evidence that Mrs. Smth was engaged in the unlawful sale of liquor; that after this money had been given him by Sykes, and before purchasing the liquor, he reported the fact to the deputy sheriff, who then requested him to make the purchase, so that evidence might be obtained against Mrs. Smith, promising that he (the deputy sheriff) would see that no harm resulted to him for so doing. This evidence was excluded by the court, and the court's action in so doing is assigned for error.

In support of appellant's contention we have been referred to a long line of cases holding that "the pretended confederate who, as detective, spy, or decoy, associates with wrongdoers in order to obtain evidence" is not an accomplice, provided he "has made himself an agent for the prosecution before associating with the wrongdoers or before the actual perpetration of the offense." All of these cases, except *State* v. *Torphy,* 78 Mo. App. 206, are cases wherein it was sought to apply to the evidence of such persons the rules governing that of an accomplice. In *State* v. *Torphy* it was held that such a person was not punishable, although he so far co-operates with his confederates as to be guilty if his intention had been the same as theirs.

Conceding for the sake of the argument that the rule here invoked is sound, the case at bar does not come within it, for the reason that appellant is not being prosecuted for selling liquor, nor for assisting the seller in selling liquor; he is being prosecuted for the substantive crime of acting as agent for the purchaser of liquor. This is a crime distinct from, and not included in, the crime of selling liquor, the commission of which was wholly unnecessary in order for appellant to obtain the evidence which he claims to have been seeking. Stated most favorably for him, what he did amounts simply to this: That, in order to provide Mrs. Smith with an opportunity of violating the law, he himself committed a crime distinct from, and not included in, the one she was thereby induced to commit.

*Affirmed.*