MARSALIS *v.* STATE.

(In Banc. June 9, 1941. Suggestion of Error Overruled July 11, 1941.)

[2 So. (2d) 792. No. 34473.]

**F. D. Hewitt,** of McComb, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for appellee.

Argued orally by **F. D. Hewitt**, for appellant, and by **W. D. Conn, Jr.**, for the state.

**Griffith, J.**, delivered the opinion of the court.

An affidavit was made on August 29, 1940, by the county attorney of Pike county against appellant charging him with the unlawful sale of intoxicating liquors, and fixing the date of the offense as on June 10, 1940. The affidavit was filed in the county court. The case was tried in the county court while in session at the city hall in McComb, on Wednesday, September 18, 1940, and resulted in a mistrial. Upon the conclusion of that day's session at McComb, the court was recessed to continue its sessions on the next day at the county courthouse in Magnolia. On the next day at Magnolia, the county attorney requested and obtained an order dismissing the

case without prejudice. Appellant then and there objected to the entry of the order on the ground that the offense, if committed at all, was committed in the fourth supervisors' district of the county, and that under the general order of the county judge, hereafter to be quoted, the court, while sitting at Magnolia, in another supervisor's district, had no jurisdiction to make any order disposing of the case.

At the October term, 1940, of the circuit court, appellant was indicted for the same offense, and appellant filed a plea to the jurisdiction of the circuit court on the ground that the prosecution for the same alleged offense had remained as a pending cause in the county court. The circuit judge held that the order of dismissal in the county court was valid, and appellant was put to trial in the circuit court and was convicted. He has appealed therefrom, and the principal question presented is that hereinabove stated.

The county court was established by Chapter 131, Laws 1926. Section 3 of that chapter was brought forward without change as Section 702, Code 1930, and so far as material to the question now before us, remains unamended. The section is as follows: "A term of court shall be held in the county courthouse of the county, beginning on the second Monday of each month and continuing so long as may be necessary, but in counties where there are two circuit court districts, the county court shall meet alternately in the two districts in the county courthouse in the same month and in the same district as the board of supervisors of said county holds its meetings. Provided, however, that the judge of the county court for good cause shown may, by order spread on the minutes of the county court, designate some place other than the county courthouse for the holding of such term of the county court as may be designated in said order."

When the county court was created, it went into operation without county action in only about ten counties

in the State, but by virtue of Section 6 of the original act, Section 706, Code 1930, other counties were permitted to come within the statute by a majority vote in an election in the county.

It was known to the Legislature that in some, if not most of the counties, in which the county court would function, there was, and perhaps for some time to come would be, only one courtroom in the county courthouse, so that when the circuit or chancery court was in session there would be no courtroom for the use of the county court. It was known and considered also that in some of the counties the greater volume of the litigation over which the county court was given concurrent jurisdiction would have origin in and around larger municipalities or more heavily populated centers in another area of the county than that wherein the courthouse is located. The county of Pike is one within the class last mentioned.

The quoted section was designed so as to allow the county court to accommodate itself, in point of convenience and for the conservation of time and expense to litigants and witnesses, to the situations mentioned in the foregoing paragraph, and authorized the county judge to determine these matters and to carry same into effect by an order entered on the minutes of the county court. He could, therefore, by and under such an order (1) hold certain of the terms of the county court in the city hall or some other convenient and suitable building in the town or city of the county courthouse site, or (2) he could hold certain of the terms in the city hall or some other suitable and convenient building at an appropriate center in another part of the county, or (3) he could hold a part of each term at the county courthouse, and a part thereof in some other building at the county site, or at some other convenient center in another part of the county.

But always, save as to counties containing two circuit court districts, of which the County of Pike is not one, the county court would be a county-wide court and not

one whose jurisdiction would be circumscribed as to venue to any particular portion of the county. It is not within the allowance of the statute that an order by the county judge could be so framed as to confine the territorial jurisdiction of the court when sitting at a place, fixed in the order, to cases originating within the area of, and adjacent to, that place and to the effect that thereby the court would have no territorial jurisdiction of that area while sitting elsewhere in the county. Such an order could well be observed as a matter of convenience in the actual trial of litigated cases, but it could not divide the county into separate territorial areas and make those areas exclusive in the jurisdictional sense.

It was in accordance with the authority aforesaid, and because of the heavy preponderance of the population and business in and adjacent to the City of McComb, that the county judge of Pike County made and entered the following order on the 1st day of May, 1933:

"Whereas, on the 9th day of February, 1931, Hon. W. B. Mixon, former Judge of this Court entered an order fixing the regular term of holding Court, as shown by Minute Book No. 1, Page 8, of said County Court of Pike County, Mississippi, and it appearing to the Court that after consulting the attorneys and officers, that it would be more advantageous to all attorneys, litigants and parties to amend said order, so as to read as follows, to-wit:

"The Court having had under advisement the fixing of the length of a regular Term of the County Court for Pike County, Mississippi, and having considered the same, after discussion with the members of the Bar of said County, is of the opinion that a term of not exceeding three weeks is sufficient for each month of said County Court. It is therefore ordered by the Court that the regular term of the County Court for Pike County, Mississippi shall convene as required by law, on the Second Monday of each month, and for a term of three weeks, but said Court, may adjourn at any time during said three

weeks, when the business of the Court has been concluded, or in the discretion of the Judge.

"It further appearing to the Court that a number of members of the Bar and. citizens of McComb, in said Court, have petitioned the Court to hold a portion of said term in the City of McComb, setting forth in said petition the causes and necessities justifying the holding of a portion of the term in said City, and the Court having considered said petition and the causes named therein, is of the opinion that the public interest will be served by holding a portion of said Court in said City of McComb.

"It is therefore ordered by the Court that on the 1st Wednesday of the Term, after the 2nd Monday of the month, the Court shall convene at the City Hall in the City of McComb, for the trial of all litigated cases, originating from the Third and Fourth Supervisors Districts of said County, it being understood that the original process in all suits filed in the County Court shall be returnable to the First Day of the Term at Magnolia, the County Seat, and all judgments by default taken in said Court, shall be rendered at the Courthouse in Magnolia."

It appears, as best we can make from the record, that the procedure under that order was to open the court at the county courthouse at Magnolia on the second Monday of each month, and on the Wednesday following, the court, jury and attendant officers would go to McComb and continue the sessions there until the litigated business, originating in the two supervisors' districts three and four, wherein McComb is located, was tried, if to be tried at that term; whereupon the court would return to the county courthouse for a further continuance of the term.

We are of the opinion that the statutory section in question should receive a reasonably liberal interpretation in furtherance of its objects aforementioned; that the quoted order of the county judge, interpreted as stated, was valid, and that the course of procedure followed

thereunder was within the authority of the statute. It will and must be conceded that it was not the purpose of the statute to make the county court an ambulatory tribunal, here one day and there the next, without any prescribed rule, but the order and the procedure here under review are certainly not within that sort of inhibition.

Our conclusion is, therefore, that the order taken at Magnolia dismissing the prosecution in the county court, was valid, and that there was thence no obstacle to a subsequent indictment and trial in the circuit court for the charged offense. We have examined the other assignments of error and find that while some of them are debatable, none are sufficient for a reversal.

Affirmed.

## Concurring Opinion.

**Smith, C. J.,** delivered the concurring opinion of the court.

I concur in holding the order dismissing the former prosecution herein valid, and in the reason given therefor, that when the county court sits its jurisdiction is county-wide except in counties having two circuit court districts and cannot be restricted by an order of the court. Further than this, it is not necessary here to go. Therefore, I express no opinion as to the authority of the judge of the county court, under Section 702, Code of 1930, to direct, by a general order of the character here, that a portion of each term of the court shall be held at the county courthouse and the remainder thereof in another place or other places.

## Dissenting Opinion.

**Anderson, J.,** delivered a dissenting opinion.

The state's witness Barlow bought from the appellant and paid him therefor the whisky which was the basis of

the indictment and conviction in this case. He was employed by the sheriff of the county to make the purchase and furnished by that officer with the money with which to pay for the whisky. Under Section 1990 of the Code of 1930 Barlow was guilty of a crime. That statute is in this language: "If any person shall act as agent or assistant of either the seller or purchaser, in effecting the sale of any liquor, bitters or drinks, the sale of which is forbidden under this chapter, he shall be guilty of a misdemeanor and on conviction shall be fined not less than one hundred dollars, or be imprisoned in the county jail not less than thirty days, or both."

The evidence showed without conflict that the whisky was bought by Barlow for the sheriff and not for himself, and delivered to the sheriff, and was paid for out of funds furnished him by the sheriff. He was not a deputy sheriff or other officer authorized to serve process and make arrests.

Appellant requested instructions that under the law if any person acts as agent or assistant of either the seller or the purchaser in effecting a sale of intoxicating liquor, the sale of which is forbidden by law, he is guilty of a misdemeanor, and his testimony should be weighed with care and caution. The court refused these instructions and that action of the court is assigned and argued as reversible error. My opinion is it was. The statute simply made the go between of the seller and purchaser an accomplice—just as much a criminal as the seller. The sheriff himself was without authority of law to purchase the whisky. Although not directly in point on its facts, Brantley v. State, 107 Miss. 466, 65 So. 512, is in point on principle.

It seems useless to cite authorities to the effect that the testimony of an accomplice is to be viewed with care and caution.